## Thomas Forrest *against* Robert Waln and Benjamin R. Morgan, assignees of Israel Wheelen.

The dissolution of a partnership cannot affect the rights of third persons.

CASE for the opinion of the court.

Israel Wheelen and Joseph J. Miller, of the city of Philadelphia, merchants, trading under the firm of Wheelen and Miller, were indebted to the plaintiff by reason of a promissory note, given by the said firm to a certain John Dunwoody, and indorsed by him to the plaintiff. This note became due after the partnership aforesaid was dissolved; and another, of which the following is a copy, was given in its place, and the original note cancelled or destroyed.

*"$2000.   Ninety days after date, we and each of us [*338
"promise to pay to the order of John Dunwoody, two
"thousand dollars, value received, February 18, 1797.

"ISRAEL WHEELEN,
"JOSEPH J. MILLER.

"Indorsed John Dunwoody."

[Forrest *v.* Waln et al.]

On the 2d September, in the same year, Israel Wheelen made a general assignment of all his estate, real, personal and mixed, to the defendants, with power to sell the same, " in special trust " and confidence however, that they apply the same and the pro- " ceeds thereof, to the following purposes, that is to say ; in the " first place to defray the necessary expences incurred in the ex- " ecution of their trust.    Secondly, to pay, satisfy and discharge " all just demands, which may be made against the said Israel " Wheelen, for value received by him in his separate capacity, " especially excepting therefrom any notes or indorsements given " or made by him for the accommodation of others.    Thirdly, " to pay and secure to William Montgomery, Robert Waln and " George Bickham, of Philadelphia aforesaid, merchants, to the " full amount of any advances made by them, or either of them, " on behalf of Joseph J. Miller, or the late firm of Wheelen and " Miller, by reason of their or either of their notes or indorse- " ments given to him, or drawn or made for his use or accommoda- " tion heretofore, or the renewal of such notes or indorsements " hereafter.    Fourthly, to pay any notes or indorsements made " by third persons, for the accommodation of the late firm of " Wheelen and Miller.    Fifthly, for the discharge of all just " debts, which may appear to be due from the aforesaid late firm " of Wheelen and Miller, and for the payment of any notes or " indorsements made by the said Israel Wheelen, for the accom- " modation or benefit of others.    And lastly, for the use of the " said Israel Wheelen, his heirs and assigns."

A judgment was obtained by the plaintiff against the drawers of the said last mentioned note, subsequent to the date of the assignment.

The questions submitted to the court, are these :

1. Are the defendants liable to pay the plaintiff any dividend on the debt due to him, until after the three first objects of the assignments are fully accomplished.

2. Is the plaintiff's demand within the fourth description contained in the said assignment ; or are the defendants not liable to pay him any dividend under it ?

Mr. Ingersoll, for the plaintiff, claimed to be paid under the assignment, as a debt for which Wheelen had received value in *339] *his separate capacity.    The note is joint and several, and on its face confesses value to have been received.

Tilghman, C. J.    The first question is reducible to a single point, whether Israel Wheelen, received value in his separate capacity, for the note on which this action is founded.    The note is joint and several from Wheelen and Miller, after the dissolution of the partnership.    It confesses value to have been received, but at what time or in what capacity, is not expressed.    We must look elsewhere then, to find the nature of this value.    For if we confine ourselves to the face of the note, it will not appear, whether it was not given for a book account due from Wheelen

[M'Kee, in Error, *v.* Reiff.]

and Miller. The state of the case explains the matter. A note drawn by the late firm of Wheelen and Miller, and indorsed by Dunwoody, was given up by the plaintiff and cancelled. There was no other value received. Now although the firm of Wheelen and Miller was dissolved, as far as they could dissolve it, yet it existed as far as the rights of third persons were concerned. They were still liable to be sued as partners, for debts due from the firm, and could be sued in no other manner. The cancelling of the old note discharged them from a joint debt, and not from a debt due from Wheelen, in his separate capacity. And this is all the value he received for the new note. Now it was expressly the intention of the assignment of Wheelen, to give a preference to those persons, from whom he had received value in his separate capacity ; and to postpone those from whom he had received value in his joint or partnership capacity. From the special manner in which this clause is expressed, I suspect that when the assignment was made, Wheelen must have had an eye to debts of the nature of that in question. I am of opinion, that upon the facts stated in this case, he received no value from the plaintiff in his separate capacity ; and therefore the defendant is not liable to pay the plaintiff any dividend, before the three first objects of the assignment are accomplished.

2d. I am of opinion, that the plaintiff's demand is not within the fourth description in the assignment. This description is confined to persons, who made or endorsed notes, for the accommodation of the late house of Wheelen and Miller. There are no facts stated in this case, which shew any such accommodation. Neither do I think that the plaintiff's debt comes within any other description in the assignment. If there was more than enough to satisfy the several classes of creditors particularly described, the surplus was to be returned to Israel Wheelen, and he remained responsible to the plaintiff.

*I am of opinion upon the whole, that the plaintiff is not [*340 entitled to receive any dividend from the defendants.

BRACKENRIDGE, Justice, concurred.

Judgment for the defendants.