Mr. Justice Westcjott
delivered the opinion of the court.
The final order of the court made in this cause, mid from which this appeal is taken, sets aside and vacates the judgment herein before that time rendered as to defendant Edwards.
Edwards was sued as a member of a firm, as one of several partners. The service of the writ, so far as he was individually concerned, was not in conformity to the statute, the return of* the officer being “executed by leaving a copy at Vm. Edwards’ residence with his father,” while the statute (Thomp. Dig., 326,) requires that a copy shall be left at the usual place of abode of the defendant with some person of the family above the age of fifteen years, informing such person of the contents thereof. 13 Fla., 366; 1 Scam., 174; 2 Greene, (Iowa,) 479; 1 Pike, 50; 5 How., (Miss.,) 661.
There are two grounds upon which the court based the order from which this appeal- is taken. They were that from the proofs submitted Edwards was no partner, and that there was fraud in obtaining the judgment against him.
The suit here brought was against a firm of which dc-fendant Edwards was alleged to be a member. As we have stated, there was no. service under the statute as to Edwards, but there was service upon other members of the firm. As to service of process upon a partnership, our statute provides that service on any one member shall be as valid as if served upon each individual member thereof, and that the plaintiff, after service upon one member, may proceed to judgment and execution against them all. It cannot be doubted'that the enactment of this Btatute was within the power of the Legislature. (4 Mich., 320; 8 Iowa, 474; 23 Wend., 304; 15 Wend., 374-610; Pet. C. C. R., 74.) So far, therefore, as this is a judgment against the partnership, it is effective whether the appellee here is or is not a member of the firm. It is entered, after due service of process, in conformity to statutory requirements covering the subject. This being so, neither a court of law nor a court of equity should so act as to impair the right of the plaintiff resulting from his judgment against the partnership.
Without reciting at length the affidavits covering the first ground, viz.: that Edwards was not a member of the firm, we will state that they do not show conclusively to our minds that Edwards was not a member of the firm. The evidence upon this subject consists principally of the statements, under oath, of Edwards alone. We think [he court should have required upon this point further hud more satisfactory proof. But in the view we take of the case, we deem it unnecessary to decide whether, upon full proof of the fact that Edwards was not a member of the firm, the judgment against the firm should have been vacated as to him, as we think a complete and proper disposition of the case follows a consideration of the second ground of the action of the Circuit Court. This ground is thus stated by the court. It seems that as soon as Edwards found that he had been sued, he went to plaintiff’s attorney and advised him that he was never a member of the company, and that he should defend the suit to the bitter end, and that thereupon the plaintiff’s attorney gave him a written guarantee that he would not, in any way, endeavor to make him (Edwards)'responsible for the indebtedness sought to be recovered in said suit. That plaintiff’s attorney said further, “we are fully advised that you are in no way responsible for the transactions of the company, and have no design of making you in any way liable, by the pending suit. Please receive our assurances for ourselves and the plaintiff that the object of the suit, so far as you are concerned, is only as above indicated.” These facts, as Btated by the court, appear from the record. Upon a motion. to vacate a judgment unedr these circumstances, what is the proper order to be made by the court ?
We find one case (45 Vmt., 395,) in which the court, after rendering the judgment, vacated it at a subsequent term, upon grounds somewhat similar to those herein set up, but the general practice in cases of this character is for the court of law to grant a stay of proceedings and to remit the party to a court of equity, where, by injunction, he can prevent and restrain the party from availing himself of such judgment. 2 Story Eq., 887; 7 Cranch, 332; 1 Mad. Chy., 131; 3 John. Chy., 356; 6 John. Chy., 90; 2 P. Wms., 424; 4 John. Chy., 22; 47 N. H., 507; 21 Iowa, 63; 12 New York, 168; 30 Ind., 436.
As to the first ground that Edwards was not a partner, it may be made the subject of equitable cognizance under the circumstances of this case. Says Collier, C. J., in Fowlkes & Co. vs. Baldwin, Kent & Co., 2 Ala., 706, “if a judgment has been rendered against a party who is not a partner, and who was not served with process, it will be competent for a court of equity to afford him relief by perpetually enjoining its recovery.”
The Circuit Court should have ordered a stay of proceedings, with leave to defendant Edwards to file, within a time to be named, a bill in chancery, as he might be advised.
The order vacating the judgment is set aside and the case is remanded, with directions to proceed in conformity to the opinion herein rendered. Each party will pay their own costs.