ARCHIBALD McCALLUM & SON, PLAINTIFFS IN ERROR, VS. CULPEPPER & DUPONT, DEFENDANTS IN ERROR.

1. Prior to the act of 1897, Chapter 4529, writs of *scire facias* on writs of error were served on defendants in error resident in this State as other writs. By section 1017. Rev. Stats., original process sued out against several persons composing a mercantile or other firm, and served on any one member of said firm is made as valid as if served on each individual member thereof; but in order to have this effect on members of the firm not served, the service must be personally made on some other member. This statute should be strictly construed, and should not be expanded beyond its provisions.

2. Service of *scire facias* on one member of a mercantile firm in whose favor a joint judgment in interest has been rendered, by leaving a copy at his usual place of abode with a member of his family above the age of fifteen years, will not amount to service of the process on another member of the firm.

3. A joint judgment in interest against two or more persons cannot be reviewed by the appellate court unless all the persons against

whom the judgment is rendered are properly brought before the court.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Plaintiffs in Error.

*A. W. Cockrell & Son*, for Defendants in Error.

MABRY, J.:

Action in assumpsit by Archibald McCallum and Kingsley McCallum, styling themselves, partners as Archibald McCallum & Son, against Andrew F. Culpepper and John E. Dupont, partners as Culpepper & Dupont. The declaration contained a special count on a note and also common counts. In connection with the suit a writ of attachment was issued and levied on certain goods, but this writ was dissolved by order of the court on motion made for that purpose. Dupont filed a plea, reciting therein that he was sued in assumpsit by summons *ad respondendum* issued on a given date, and alleging that he was not at the time of filing the plea, nor on the date of the issuance of the summons, nor had he been at any intermediate time, a member of a partnership composed of Andrew F. Culpepper and himself, doing business as Culpepper & Dupont, or otherwise. Plaintiffs replied that said Andrew F. Culpepper and John E. Dupont were partners, on the day alleged in said plea, as Culpepper & Dupont, and upon this issue a trial was had resulting in a verdict for defendants.

The bill of exceptions recites the coming on for hearing the cause wherein Archibald McCallum and Kingsley McCallum, partners as Archibald McCallum & Son, were plaintiffs, and Andrew F. Culpepper and John E. Dupont, partners as Culpepper & Dupont, were defendants, and states that both parties, plaintiffs and defendants, appeared by counsel and introduced evidence on the issue before the court. Judgment was entered on the verdict May 8th, 1894, quashing plaintiffs' writ and directing that defendants go hence without day and recover their costs of plaintiffs, for which execution should issue.

The writ of error sued out recites the rendition of a judgment between Archibald McCallum and Kingsley McCallum, partners as A. McCallum & Son, plaintiffs, and Andrew F. Culpepper and John E. Dupont, partners as Culpepper & Dupont, to the alleged damage of the former. The same recitals as to the respective parties plaintiffs and defendants and as to the judgment rendered are contained in the *scire facias*, but the command to the sheriff in this writ is to summon Andrew F. Culpepper and John E. Dupont to appear before the Supreme Court at a term stated to hear errors. Service of this writ was by leaving a copy at the usual place of abode of John E. Dupont with a member of his family above the age of fifteen years. Dupont has appeared in this court, but Culpepper has not. It is suggested in brief by counsel for Dupont that nothing can be determined here in disparagement of the judgment rendered in the absence of Culpepper. On the record before us it must be assumed that both defendants were before the court when the judgment was rendered, and which is joint in interest as to both parties, disposing of the entire case in their favor.

Section 1274 Revised Statutes provides that a writ of *scire facias* shall be served on all defendants in error resident in this State as other writs are served. The statutory regulation as to serving the original writ or summons, on the institution of a suit, is that it shall be effected by reading such process to the person to be served, or by delivering him a copy thereof, or by leaving such copy at his usual place of abode with some person of the family above fifteen years of age, and informing such person of the contents thereof. Section 1015 Revised Statutes: By this provision the original writ or summons can be served personally in the way pointed out, or constructively by leaving a copy at the usual place of abode of the person to be served with some member of the family above fifteen years of age, and informing such person of the contents thereof. When effected in either way in compliance with the statute it will bind the person to be served, but no one else. There is still another section relating to service of process upon partnerships which provides that when any original process is sued out against several persons composing a mercantile or other firm, service on any one member of said firm shall be as valid as if served upon each individual member thereof; and the plaintiff may, after service upon any one member, proceed to judgment and execution against all. (Section 1017, Revised Statutes). This section provides a kind of constructive service on all the members composing a mercantile or other firm by service on any one member of the firm, and its provisions as to such service should be strictly construed. No rule on the subject will authorize an expansion of the statute beyond its plain provisions. Under the provision in this section, that "the service of said process on any one member of said firm shall be as

valid as if served upon each individual member thereof," the service on the one member must be in person in order to affect the other members. Constructive service, as provided in section 1015, on the member designed to be served may bind him individually, but the statute has not made such constructive service sufficient to bind others. To have such effect in serving mercantile or other firms, under section 1017, the service must be personally made on some member of the firm. This, we think, is the clear import of the statute. Conceding that a *scire facias* under our former practice could be served like an original writ of summons, and also that the writ in the present case may be considered as sued out against two persons composing a partnership, it is clear that there has been no service on Culpepper. The service attempted to be made as to him, if indeed it can be said any attempt at all has been made, was by leaving a copy at the usual place of abode of Dupont with a member of his family over the age of fifteen years. Under the view we take of the statute this is no service whatever on Culpepper and he can not be considered as being before this court. The rule is imperative that we can not review the action of the trial court in rendering a joint judgment in interest against two or more persons unless all are properly brought before this court.

The writ of error must be dismissed, and it is so ordered.