W. C. HAYMAN, F. C. ARMSTRONG, K. M. HEBB, S. D.
FUTCH, M. H. WYATT, I. A. REDD AND W. E. HOLMES,
PLAINTIFFS IN ERROR, v. E. A. WEIL, SOL. BINSWANGER
AND A. L. WEIL, CO-PARTNERS DOING BUSINESS UNDER THE
NAME AND STYLE OF E. A. WEIL & COMPANY, DEFENDANTS
IN ERROR.

1. In order that service of original process upon one member
   of a firm shall be as valid as if served upon each indi-
   vidual member thereof so as to entitle the plaintiff to pro-
   ceed to judgment and execution against them all, as pro-
   vided by section 1404 of General Statutes of 1906, said
   original process must show upon its face to have been
   sued out against persons composing a mercantile or other
   firm.

2. The mere recital, in a motion, of a fact as a ground for
   the motion is not evidence, upon an appeal, of the truth
   of such fact when the motion has been denied by the
   lower court. The fact set up in the motion must be made
   to appear affirmatively on the record.

3. The mere identity of name will not, after judgment, author-
   ize the appellate court to presume, for the purpose of
   reversing the judgment, that the sheriff who executed the
   summons on one of the defendants was a party to the
   suit.

4. The prosecution of a writ of error from a judgment rendered
   upon defective service of process operates as a general
   appearance when the cause is remanded, and further
   process is unnecessary.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough
county.

The facts in the case are stated in the opinion of the court.

*Singletary & Reaves,* for Plaintiffs in Error;

*Frazier & Mabry,* for Defendants in Error.

PARKHILL, J.: On the 23rd day of February, 1906, the defendants in error, who will be known as the plaintiffs, commenced an action in the circuit court in and for Hillsborough county against the plaintiffs in error by fil·ing the following praecipe for summons *ad respondendum*:

"In the Circuit Court of the Sixth Judicial Circuit of the State of Florida, in and for Hillsborough county.

E. A. Weil, Sol. Binswanger, and A. L. Weil, copartners doing business under the firm name and style of E. A. Weil & Company, v. W. C. Hayman, F. C. Armstrong, K. M. Hebb, J. W. Wilhelm, J. L. Wilhelm, S. D. Futch, M. H. Wyatt, I. A. Redd, Jas. S. Day and W. E. Holmes. —Civil Action, Damages $500.

To the Clerk of the above named court: Please issue summons ad respondendum to the above named defendants, W. C. Hayman, F. C. Armstrong, K. M. Hebb, J. W. Wilhelm, J. L. Wilhelm, S. W. Futch, M. H. Wyatt, I. A. Redd, James S. Day and W. E. Holmes, to answer the above named plaintiffs, A. S. Weil, Sol. Binswanger and E. A. Weil in a civil action damages Five Hundred Dollars ($500.00) and make the same returnable to the rule day in April A, D. 1906.

                              J. W. Frazier, Attorney for Plaintiffs.
To C. M. Knott, Clerk."

On the 23rd day of February, 1906, summons *ad respondendum* was issued, returnable to the first day of April next. This summons was served by R. A. Jackson, the sheriff of Hillsborough county by F. M. Blount, deputy sheriff, on M. H. Wyatt, J. L. Wilhelm and James S. Day, and return was made that S. D. Futch could not be found. The summons was served on K. M. Hebb, I. A. Redd, W. C. Holmes, F. C. Armstrong, J. W. Wilhelm and W. C. Hayman, by M. H. Wyatt, sheriff of Manatee county.

On the 31st day of March, 1906, the following defendants appeared: J. L. Wilhelm, J. W. Wilhelm and Jas. S. Day.

The declaration, filed on the 23d day of February, 1906, "complains of the above named defendants, F. C. Armstrong, M. H. Wyatt, K. M. Hebb, S. D. Futch, W. C. Hayman, J. L. Wilhelm, J. W. Wilhelm, I. A. Redd, James S. Day and W. E. Holmes," and after alleging that they except Hebb and Redd, were March 16, 1903, granted letters patent, by the State of Florida, incorporating them into a corporation under the name of Sarasota Ice, Fish and Power Company; that Hebb and Redd, on October 1st, 1903, became stockholders in said corporation; that the said company did not after, but before, the issuing of the letters patent, file with the secretary of state and the clerk of the circuit court of Manatee county, wherein is the principal place of business of said company, affidavit by the treasurer of the company that ten per cent. of its capital stock had been subscribed and paid, the declaration then alleges: "whereby the defendants then and there being stockholders of the said Sarasota Ice, Fish and Power Company, as aforesaid, became indebted to the plaintiffs in the sum of, to-wit, three hundred and ten

9—S C

dollars and ninety cents ($310.90) according to the form of the statute in such case made and provided."

On the 2nd day of April, 1906, the plaintiffs filed a praecipe for default against the said defendants, for want of an appearance. On the 2nd day of April, 1906, a default was entered against the following named defendants: W. C. Hayman, F. C. Armstrong, S. D. Futch, K. M. Hebb, M. H. Wyatt, W. E. Holmes and I. A. Redd. On the 7th day of May, 1906, the defendants J. W. Wilhelm, J. L. Wilhelm and James S. Day each filed his plea.

On the 22nd day of May, 1906, came the plaintiff and the defendants J. W. Wilhelm, J. L. Wilhelm and James S. Day and a trial was had by a jury, who rendered a verdict for the plaintiff for $288.10 against the following defendants: W. C. Hayman, F. C. Armstrong, K. M. Hebbs, S. D. Futch, M. H. Wyatt, I. A. Redd and W. E. Holmes, and on the same day a final judgment was entered against the said defendants.

On the 28th day of June, 1906, one of the defendants, F. C. Armstrong, made a motion in said court to "open up, vacate and set aside the judgment heretofore rendered against the said defendants in the above stated cause on the following grounds, to wit: 1st. Because there was never any legal service of process had upon this defendant in said cause.

2nd. Because this defendant has never been made a party to said suit and has never been served with process therein.

3rd. Because the pretended service of process therein on the defendant was made by one M. H. Wyatt as sheriff

of Manatee county, Fla., he the said M. H. Wyatt there and then being a defendant in said cause."

On the 30th day of June, the said motion was denied, and defendant excepted.

A writ of error was sued out by W. C. Hayman, F. C. Armstrong, K. M. Hebb, S. D. Futch, M. H. Wyatt, I. A. Redd and W. E. Holmes, returnable to the present term of this court.

There are five asignments of error, as follows: "1st. The court erred in entering said judgment in said cause, without any service upon the defendant S. D. Futch. 2nd. The service made upon the defendants K. M. Hebb, I. A. Redd, W. C. Hayman and F. C. Armstrong was void because the sheriff in making the same was a joint defendant in the said cause and the court erred in permitting the cause to be tried and judgment entered aginst these defendants upon said service. 3rd. The court erred in entering judgment against these defendants without lawful service upon them or either of them and without the said defendants or either of them having entered their appearance in said cause. 4th. The court erred in permitting said cause to be tried and judgment entered against these defendants upon the pleadings and proceedings in said cause. 5th. The court erred in overruling the motion of the defendant F. C. Armstrong to open up, vacate and set aside the judgment entered in said cause, upon the grounds stated in the said motion."

The first assignment of error is, that "the court erred in entering judgment in said cause without any service upon the defendant S. D. Futch." Defendant in error contends that the Sarasota Ice, Fish & Power Co. was, under section 2127, Revised Statutes of 1892, a co-partnership, and that it was unnecessary to serve S. D. Futch with process

because he was a member of the partnership, and that other defendants members of the partnership were legally served with process. The defendants were sued as joint obligors or debtors. They were not sued as members of a partnership. They are not styled copartners in the writ, declaration or the judgment. Section 1017, Revised Statutes of 1892, section 1404 General Statutes of 1906, is as follows: "When any original process is sued out against several persons composing a mercantile or other firm, the service of said process on any one member of said firm shall be as valid as if served upon each individual member thereof; and the plaintiff may after service upon any one member as aforesaid, proceed to judgment and execution against them all."

In this case the original process does not purport to have been sued out against several persons composing a mercantile or other firm, and it is only when original process is so sued out that service of said process on any one member of said firm shall be as valid as if served upon each individual member thereof. This statute, authorizing constructive service of process on a member of a firm so as to bind another member not served, is in derogation of the common law and of a personal right, and should be strictly construed. McCallum v. Culpepper, 41 Fla. 107, 26 South. Rep. 187. The judgment was a joint judgment upon a joint cause of action. S. D. Futch was not served, and there was no discontinuance as to him. The judgment as to S. D. Futch is void, and must be reversed as to all. The defendants have, however, subjected themselves to the jurisdiction of the court by prosecuting this writ of error, and further process as to them is unnecessary.

The second, third and fourth assignments of error present the same question and will be considered together.

The second assignment of error is, that "the service made upon the defendants K. M. Hebb, I. A. Redd, W. C. Hayman and F. C. Armstrong was void because the sheriff in making the same was a joint defendant in the said cause, and the court erred in permitting the cause to be tried and judgment entered against the defendants upon said service."

There is no doubt, as contended by counsel, that under the law as it existed at the time of service of this process, sections 1014 and 1246, Revised Statutes of 1892, whenever the sheriff of a county was interested in a cause, a justice of the peace must act, or the judge may appoint an elisor to act, instead of the sheriff. Seedhouse v. Broward, 34 Fla. 509, 16 South. Rep. 425. But the parties affected by such illegal service must raise the objection in time, else it will be considered waived. 19 Ency. Pl. & Pr., 584; McLeod v. Harper, 43 Miss. 42; Shaw v. Baldwin, 33 Vt. 447. In Turnbull v. Thompson, 27 Gratt. (Va.) 306, it was said that where process was served on a sheriff by his deputy, and the sheriff made no objection thereto, it was held that, after judgment by default, the sheriff could not be heard to make any objection on the ground of irregularity.

However that may be, how is it made to appear to this court that M. H. Wyatt, sheriff of Manatee county, is the same M. H. Wyatt who appears to be one of the parties defendant in this case? This fact does not appear by any plea or affidavit found in the transcript. It does appear, by an allegation in the motion filed by the defendant F. C. Armstrong, to vacate the judgment, that the service of process upon him was made by "M. H. Wyatt as sheriff of Manatee county, Fla., he the said M. H. Wyatt then and there being a defendant in said cause." But this court

has held many times that the recital in a motion of any kind, of facts, as a ground for the motion, is not evidence upon an appeal of the truth of such facts when the motion has been denied by the lower court. They must be made to appear affirmatively on the record. Stearns v. Jaudon, 27 Fla. 469, 8 South. Rep. 640; McNealy & Roulhac v. State, 17 Fla. 198; Livingston v. L'Engle, 22 Fla. 427. See a long list of authorities in Wurts' Florida Index-Digest 231. The mere identity of name will not, after judgment, authorize the appellate court to presume for the purpose of reversing the judgment, that the sheriff who executed the summons on one of the defendants was a party to the suit. Cumming v. Richards, 32 Ala. 459; Boykin v. Edwards, 21 Ala. 261. So this assignment must fail.

The fifth assignment of error is that "the court erred in overruling the motion of the defendant, F. C. Armstrong, to open up, vacate and set aside the judgment entered in said cause, upon grounds stated in the said motion." The grounds of this motion appear in the statements of the facts. We will not repeat them here. We have disposed of them in a discussion of other assignments of error. The court did not err in denying this motion. It might be well to add, however, that the motion seeks the setting aside of the judgment as to all the defendants, for reasons applicable to the defendant Armstrong only. This could not be done.

The judgment is reversed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.