LOUIS J. NATHAN, SURVIVING PARTNER OF THE LATE PART-
NERSHIP COMPOSED OF SAM. J. NATHAN AND LOUIS J.
NATHAN, DOING BUSINESS AS JACKSONVILLE ICE COM-
PANY, *Plaintiff in Error*, v. CHARLES E. THOMAS, A. E.
PERRY, AND E. I. LEIGHTON, LATE CO-PARTNERS DOING
BUSINESS AS THE FLORIDA ICE CREAM & DAIRY COM-
PANY, *Defendants in Error*.

Where an action at law is brought against several persons as late
co-partners on a cause of action contracted while the part-
nership was a going concern under Sec. 1404, General Statutes
of 1906, the service of process upon one member of the late
firm, is a valid service authorizing a judgment against the
late firm, binding the firm property and the individual prop-
erty of the member who was actually served.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the
court.

*Cockrell & Cockrell*, for Plaintiff in Error.

*Gibbons, Maxwell, McGarry & Daniel*, for Defendants
in Error.

HOCKER, J.—The declaration in this action was as fol-
lows:

"The plaintiff, Louis J. Nathan, surviving partner of
the late co-partnership composed of Louis J. Nathan and
Sam J. Nathan, doing business as the Jacksonville Ice
Company, by his attorneys, Cockrell & Cockrell, sues the
defendants, Chas. E. Thomas, E. A. Perry and E. I.
Leighton, late co-partners doing business under the firm
name and style of the Florida Ice Cream & Dairy Com-

pany, for that the defendants on the 29th day of July, 1910, by their promissory note, now overdue, promised to pay the plaintiff $319.77, thirty days after date with interest at the rate of 10 per cent per annum after maturity, but did not pay the same. And further the said defendants promised in and by said note that if said note was not paid at maturity and placed in the hands of an attorney for collection, they would pay the plaintiffs, in addition to the principal and interest of said note, an attorney's fees of ten per cent. And the plaintiff says that said note was not paid at maturity and is now in the hands of the plaintiff's attorneys for collection.

And the plaintiff claims $1,500.00.

2. And for a second count, the plaintiff sues the defendants for money payable by the defendants to the plaintiff for goods bargained and sold by the plaintiff to the defendant and the plaintiff claims $1,500.00.

3. And for a third count the plaintiff sues the defendants for money payable by the defendants to the plaintiff for money found to be due from the defendants to the plaintiff on accounts stated between them, and the plaintiff claims $1,500.00."

Service of process was had upon Thomas and Leighton, but the return shows that Perry could not be found in Duval County. Process was directed to the defendants as late co-partners doing business as the Florida Ice Cream & Dairy Company. Thomas entered no defense.

Leighton pleaded, first, that he was never indebted as alleged; second, that he is not, and never was a partner of Thomas and Perry as alleged, and never held himself out as such partner; and, third, that he never was indebted as alleged. The first and third pleas seem to be of identical import. Issue was joined on these pleas, and a trial had, resulting in a verdict for the plaintiff

for $1100.00. A motion for a new trial was entered by Leighton alone. The eighth ground of which is as follows:

"The suit is against Charles E. Thomas, E. A. Perry and Edward I. Leighton as late partners doing business as the Florida Ice Cream and Dairy Company, and the verdict as rendered is against all these named defendants, and the judgment is against all these named defendants; yet the defendant E. A. Perry never has been served with a summons in said suit, and there is no appearance of record for him, and he was not in court as defendant and has never had his day in court."

The judgment which was entered was in the following form:

"It is therefore considered by the court that the plaintiff, Louis J. Nathan, surviving partner of the late copartnership composed of Louis J. Nathan and Sam J. Nathan, doing business as Jacksonville Ice Company, do have and recover of and from the defendants Chas. E. Thomas, E. A. Perry and E. I. Leighton, late co-partners doing business as Florida Ice Cream and Dairy Company, the sum of Eleven Hundred Dollars as his damages herein sustained besides the sum of ————— dollars for his costs herein expended, for which let execution issue."

On a hearing of the motion for a new trial, the Circuit Judge overruled all the grounds except the eighth, which is above set forth.

The only question presented is whether the court erred in sustaining this 8th ground of the motion. This involves the application of Section 1404 General Statutes of 1906, to a suit against persons *as late partners.* It is contended by the defendants in error that the section only applies to an existing partnership—a going concern— and that when a partnership has been dissolved, it does

not authorize the service on one member of the late firm so as to be valid as to each member of the firm. The Supreme Court of Alabama appears to have taken this view of such a statute, but it seems to us the force of the reasoning and the weight of authority is the other way. This question is put and answered by HEATH, J., in Wood v. Braddick, 1 Taunton's Reports 103: "Is it not a very clear proposition, that when a partnership is dissolved, it is not dissolved with regard to things past, but only with regard to things future? With regard to things past, the partnership continues, and always must continue." In 2 Parsons on Partnership (4th ed.) section 300, it is said: "As the fact of dissolution has no effect whatever on the rights of third persons, or on the rights of the firm against third persons, so it is a general rule, that actions by and against the firm must continue to be what they would have been before the dissolution." Again in section 296, it is stated: "No dissolution of any kind affects the rights of third parties, who have had dealings with the partnership without their consent. This is a universal rule, without any exception whatever." And further they (the parties) "are all responsible *in solido* for the debts due by the firm; and all the joint property of the firm is just as liable for the joint debts, after such division or settlement among themselves, as it was before." The same author in speaking of statutes which have changed the Common Law method of procedure against a partnership says, in section 250: "Another common form of statute provides that a firm may be bound by a judgment when only one partner is served with process. Such a judgment ordinarily binds the firm property, and the individual property of the member actually served." This is the effect given to the section of our statute law which is under discussion, in Purviance

v. Edwards, 17 Fla. 140, and First Nat. Bank v. Greig, 43 Fla. 412, 31 South. Rep. 239, and perhaps other cases. Our court also holds that this statute must be strictly construed and not extended beyond its plain meaning. McCallum v. Culpepper, 41 Fla. 107, 26 South. Rep. 187; Hayman v. Weil, 53 Fla. 127, 44 South. Rep. 176. And so our court holds that service upon only one partner does not authorize a personal judgment against a partner not served, though it does authorize a judgment against the firm, which will bind partnership assets, and the property of the partner served.

The debt sued on in the instant case was one contracted by the firm while it was a going concern. The mere fact that defendants are sued as late partners, does not affect the question of their individual liability, or the liability of the firm. Though dissolved when the suit was brought, it was still a going concern composed of the same partners, so far as creditors were concerned, and it seems to us the statute applies as much to such a dissolved firm as to a going one. See 2nd Bates on Law of Partnership. Sec. 1091; Horsey v. Heath, 5 Ohio 353-357; Forrest v. Walsh, 4 Yeates 337; Davis v. Megroz, 55 N. J. L. 427; Garrett v. Cunningham, 34 Maine 56; Murry v. Mumford, 6 Cowen 441. It seems to us that in the instant case the judgment which was entered was a good one so far as firm assets are concerned, and so far as the individual property of the parties who were served or appeared was concerned. We think the court erred in sustaining the 8th ground of the motion for a new trial.

The judgment that should be entered here in this class of cases is prescribed by the statute, Section 1695, Gen. Stats. of 1906; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Philadelphia Underwriters Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 South. Rep. 210; Winn

v. Coggins, 53 Fla. 327, 42 South. Rep. 897; Feinberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797.

The order granting a new trial is reversed and the cause is remanded with directions to the Circuit Court to enter final judgment for the plaintiffs upon the verdict, unless a motion in arrest of judgment, or for judgment *non-obstante veredicto,* shall be made and prevail.

WHITFIELD, C. J., and TAYLOR and SHACKLEFORD, JJ., concur.

COCKRELL, J., not participating.