I. F. JONES, DOING BUSINESS AS BARTOW CONSTRUCTION COMPANY; J. S. MILLER, DOING BUSINESS AS J. S. MILLER CONSTRUCTION COMPANY, AND DAVID SHAW, *Appellants*, v. M. P. MILLER, *Appellee*.

## Opinion filed March 26, 1919.

1. Where indispensably necessary parties are omitted from an appeal such appeal will be dismissed *sua sponte* by the court.

2. In a suit to enjoin trustees who had been appointed by the County Commissioners of the county to receive and hold certain Certificates of Indebtedness of the county issued and to be issued by the County Commissioners and from time to time to deliver such certificates to certain contractors in payment for the construction of a County Jail and County Court House, as the work under the contracts progressed from making delivery of such certificates and to enjoin such

Contractors and members of the Board of County Commissioners from proceeding under the contracts in the construction of such buildings a decree permanently enjoining all the defendants was entered. The Contractors alone took an appeal from this decree. *Held*, that such trustees and members of the Board of County Commissioners who were parties defendant in the court below and against whom permanent injunctions were issued are necessary parties to the appeal in the absence of whom the appeal will be dismissed *sua sponte* by this court.

An Appeal from the Circuit Court for Pinellas County; O. K. Reeves, Judge.

Appeal dismissed.

*E. J. Binford, E. V. Reed* and *Patrick C. Whitaker,* for Appellants;

*Davis & Pierce,* for Appellee.

WEST, J.—The object of this suit is to enjoin the construction of a county jail and a county court house at Clearwater, in Pinellas county, and to restrain the county commissioners from incurring the obligations necessary for the construction of such buildings.

The complainant, appellee here, is alleged to be a property owner and taxpayer of Pinellas county. He sues for himself and in behalf of other property owners and taxpayers similarly situated.

The defendants, H. W. Bivens and J. C. Kingsbury, are alleged to be trustees appointed by the three county commissioners of the county, who are made defendants in said suit, the trustees being authorized and required, so

it is alleged, to receive and hold certain "Certificates of Indebtedness," issued or to be issued by said commissioners with which the considerations for the contracts theretofore entered into by said three commissioners for the construction of such county jail and county court house were to be paid; said certificates of indebtedness to be held by said trustees "for future delivery and to deliver them from time to time to such parties as may be entitled to the same."

The defendants, I. F. Jones, doing business as the Bartow Construction Company, and David Shaw were the contractors for the construction of the county jail.

The defendant J. S. Miller, doing business as the J. S. Miller Construction Company, was the contractor for the construction of the county court house.

The defendants S. S. Coachman, J. T. Lowe and L. D. Vinson were the three members of the Board of County Commissioners who had issued the "Certificates of Indebtedness" and made and entered into the contracts for such buildings.

In the bill of complaint many defects in the proceedings of the Board of County Commissioners with respect to said transactions, in the "Certificates of Indebtedness" and in the contracts, both in form and in substance, are alleged.

The prayer is that said trustees be enjoined from delivering to any person or persons, firm, association or corporation, any of said "Certificates of Indebtedness," and that such certificates be declared to be null and void and cancelled; that said contractors be enjoined from proceeding under said contracts to construct said buildings and from negotiating any of said "Certificates of

Indebtedness" that may be in their possession; and that said county commissioners be enjoined from issuing any other or further "Certificates of Indebtedness" for the payment of the consideration for said contracts. There was a temporary restraining order. Thereafter defendants answered, replications to the answers were filed, after which testimony was taken, and upon final hearing thereon a final decree was entered permanently enjoining all the defendants as prayed in the bill.

From this decree the contractors alone appeal.

The rule is that where indispensably necessary parties are omitted from an appeal, such appeal will be dismissed, *sua sponte,* by the court. Henry Vogt Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, 76 South. Rep. 695; Nichols & Johnson v. Frank, 59 Fla. 588, 52 South Rep. 146; Rawls v. Carlton, 56 Fla. 843, 48 South. Rep. 46; Ferris v. Ferris, 43 Fla. 358, 31 South. Rep. 345.

The case of complainant is predicated upon the alleged invalidity of certain proceedings of the defendant County Commissioners, but they are not made parties to this appeal. Its primary purpose is to restrain the issuance and the delivery of certain "Certificates of Indebtedness" into the hands of persons who might be in position to enforce them as obligations of the county and thus place upon the complainant and other taxpayers the burden of taxation necessary to meet and liquidate such obligations, but the trustees who are to "receive and hold" such certificates and "deliver them from time to time to such parties as may be entitled to the same" are not made parties to this appeal.

If, therefore, on this appeal the decree appealed from should be reversed as to the appellants it would be of no

avail to them because the other parties to the contracts, namely, the County Commissioners and the fiscal agents through whom the consideration for the contracts are to be paid would remain permanently enjoined from proceeding to perform said contracts and from paying the contractors for the work done thereunder.

It is apparent that the County Commissioners and trustees who were parties in the court below and against whom permanent injunctions were entered are necessary parties to this appeal under the rule announced above.

The appeal will be dismissed.

BROWNE. C. J., AND TAYLOR, WHITFIELD AND ELLIS, J.J., concur.