PAUL ANDRE, *Plaintiff in Error*, v. F. A. P. JONES INVESTMENT CORPORATION, *Defendant in Error*.

Opinion Filed October 24, 1922.

1. Rule 23 of the rules of the Supreme Court providing for voluntary dismissal of causes in vacation contemplates the filing of a praecipe in this court signed by the attorneys of record for plaintiff in error and defendant in error. If the praecipe for dismissal is based upon a stipulation signed by counsel for plaintiff in error and defendant in error, the stipulation should accompany the praecipe.

2. Where the parties to a cause have agreed among themselves upon a settlement of the cause and a dismissal of it in this court and this court is advised of such settlement and agreement to dismiss, the court will dismiss it of its own motion.

3. All persons named as defendants in a joint judgment against them must join in prosecuting a writ of error to such judgment, otherwise the writ of error will be dismissed.

Motion to reinstate the cause in Supreme Court.

Motion denied.

*Bart A. Riley,* for Plaintiff in Error;

*Norris McElya* and *M. S. Bobst,* for Defendant in Error.

PER CURIAM.—In March, 1922, judgment was abtained in the Circuit Court for Dade County by F. A. P. Jones Investment Corporation against Paul Andre and A. H. Thomas and George M. Schaeffer as sureties. The action was a distress for rent under the statute and a forthcoming bond given by the defendant.

Certain pleas were interposed by the defendant, a demurrer to which was sustained and the defendant not pleading over, a judgment was entered against him and the sureties "without opposition by the defendant."

A writ of error was taken and supersedeas bond given. The writ of error was taken in the name of Paul Andre only, returnable June 26th, 1922.

On July 6th, 1922, the defendant in error, by Norris McElya, attorney, moved this court to dismiss the cause for failure of the plaintiff in error to comply with rule eleven (XI) of the Supreme Court. That rule requires the

filing in the Supreme Court, within the time required by law, of a duly certified copy of the transcript of the record and two copies thereof clearly and legibly typewritten or printed in black ink. The rule provides that if the plaintiff in error fails to comply with the provisions of the rule the cause shall be dismissed on motion of the defendant in error, upon the production of a certificate that a writ of error had been sued out. The statute requires the plaintiff in error to obtain a copy of the proceedings in the cause from the court in which the cause was tried and to file a copy in the appellate court on or before the return day of the writ of error. The statute requires the appellate court to dismiss the writ of error if the plaintiff in error fails to file a copy of the proceedings as required unless good cause be shown. See Section 2915, Revised General Statutes, 1920.

The motion to dismiss was filed in this court on July 5th, 1922. No transcript of the record had been filed as required by the rule or the statute. A certificate that a writ of error had been sued out was attached to the motion. Four days prior to July 5th, the plaintiff in error, by Bart A. Riley, his attorney, had petitioned the court for an extension of time in which to file a transcript of the record. The ground set forth was deemed to be sufficient cause and the motion to dismiss denied and the plaintiff in error allowed until August 24th, 1922, in which to file his transcript of the record.

On August 24th no transcript of the record had been filed in this court, nor has the plaintiff in error, nor any one in his behalf caused a transcript of the record to be filed here.

On September 17th, 1922, Norris McElya transmitted to this court a stipulation for the dismissal of the cause signed

by Bart A. Riley, attorney for plaintiff in error and Norris McElya, attorney for defendant in error.

The cause was dismissed under rule 23 of the Rules of the Supreme Court. The clerk of this court treating the stipulation as a praecipe by the attorney of record for the plaintiff in error for a dismissal of the cause. The clerk of this court certified the fact of such dismissal to the circuit court for Dade County on September 22nd, 1922.

On October 9th, 1922, the attorney for the plaintiff in error moved this court to reinstate the cause. The ground being that while the stipulation was signed by Mr. Riley it was transmitted to Walter D. Payne on July 29th, 1922, under the impression held by Mr. Riley that the cause had been settled with Paul Andre, and was to be used for a dismissal of the cause in this court upon condition that there had been a settlement of the cause and that it included ''a satisfaction of the judgment in the circuit court and a dismissal of the bond.'' That there had been no satisfaction of the judgment and dismissal of the bond and that the use of the stipulation by Mr. Payne was a fraud upon Mr. Riley and this court.

Mr. Payne, who is a member of the law firm of Payne and McElya, is also secretary and treasurer of F. A. P. Jones Investment Corporation, the defendant in error.

During the argument of the motion to reinstate, which occurred on October 16th, 1922, it appeared that Mr. Payne, for the corporation, and Mr. Paul Andre, in person, had entered into a written agreement on July 24th, 1922, to the effect that four certain promissory notes which Mr. Andre had executed and delivered to Mr. Payne for nine hundred and thirty-five and 86/100 dollars each should be applied upon the judgment obtained against Andre. That the ''appeal'' in the case was to be dismissed but the judg-

ment was to ''stand of record. These notes not being accepted as payment until same are fully paid. However it is agreed that execution shall not issue on this judgment unless default is made in the payment of any of the accompanying notes.''

Five days after that agreement, Mr. Riley transmitted to Mr. Payne the stipulation mentioned, which was accompanied by a letter to Mr. Payne in which Mr. Riley stated that he understood that Mr. Payne had settled the ''cases'' with Paul Andre and which letter contained the following paragraph: ''Did this include a satisfaction of the judgment in the circuit court and a dismissal of the bond? If so I enclose herewith a stipulation for you to sign so that the appeal can be dismissed in the Supreme Court.''

On August 2nd, 1922, Payne and McElya by Mr. Payne wrote to Mr. Riley as follows: ''Have not gone very far with settlement of matters with Andre as he was awaiting your return and will now prepare papers in the matter and submit them to you so that he can see the entire proposition. Will advise you within the next few days when I get the same finished.''

That in the ''early part of August, 1922,'' and subsequently to the receipt of the letter by Mr. Riley, Mr. Payne visited Mr. Riley's office and stated ''that he had not completed the negotiations, but that when he did complete them he would not satisfy the judgment or dismiss the bondsmen. That Bart A. Riley then stated that he would not dismiss the appeal unless the judgment was satisfied and the bondsmen released.'' But the 24th of August passed and Mr. Riley did not cause to be filed in this court a transcript of the record. Mr. Payne stated to Mr. Riley that he would continue negotiations with Mr. Andre and notify Mr. Riley of the result.

While Mr. Riley received no further information from Mr. Payne neither did he recall his stipulation nor comply with the order of this court to transmit a transcript of the record on or before August 24th, 1922.

On September 22, 1922, Mr. Riley received from the clerk of this court a copy of the order dismissing the case upon the stipulation, upon receipt of which he stated that he concluded that the ''case had been settled in an agreement between the said Paul Andre personally and the said Walter D. Payne.'' Mr. Riley states that he ''did not know that the said case was still pending and that the said judgment was unsatisfied and that the said bondsmen had not been released.''

Under the circumstances we think that Mr. Payne should not have used the stipulation until after he had notified counsel for Mr. Andre of his intention to do so and a strict construction of the rule would have required a joint praecipe, of both counsel, to warrant the dismissal of the case on the stipulation which should have been attached to a praecipe signed by both counsel for its dismissal. However, in view of the agreement of settlement between the F. A. P. Jones Investment Corporation and Mr. Andre and the latter's agreement to a dismissal of the cause, it is proper to dismiss it because by reason of that agreement the case had become a moot one and should have been dismissed.

There is another reason why the cause should be dismissed and that is the writ of error was not taken in the name of all the parties defendant. Both Mr. A. H. Thomas and Geogre Schaeffer were indispensably necessary parties and they were omitted from the writ of error. See Stanley v. Jaffray, 13 Fla. 596; West v. Johnson, 66 Fla. 4, 62 South. Rep. 913; Nash v. Haycraft, 34 Fla. 449, 16 South,

Rep. 324; State *ex rel.* Andreu v. Cranfield, 40 Fla. 36, 23 South. Rep. 591; McCallum v. Culpepper, 41 Fla. 107, 26 South. Rep. 187; Jones v. Miller, 77 Fla. 297, 81 South. Rep. 413. The allegation of fraud in the use of the stipulation is not sustained. Mr. Payne had told Mr. Riley after receiving the latter's letter and the accompanying stipulation for the dismissal of the cause, that he would not consent to a cancellation of the judgment and dismissal of the bond even if the settlement progressed. The reason for such refusal evidently was, that he would not surrender the company's judgment merely upon Mr. Andre's written promise to pay the debt.

Mr. Payne's acceptance of the Andre notes and the promise to hold the judgment as security constituted an agreement of settlement between the parties by which they were both bound and Mr. Riley, who claimed no lien upon the papers in the cause and right to control it, as security for fees, could not add other conditions to the agreement not contemplated by the parties.

The motion to reinstate the cause is therefore denied.

All concur.