HUBBART, Judge.
By this appeal, we are asked to review a trial court order denying a motion to dismiss an action based on the ground of lack of jurisdiction over the person as to the defendant Touche Ross & Co., a New York partnership, which has both Florida resident partners and out-of-state partners. We have jurisdiction to review this non-final order. Fla.R.App.P. 9.130(a)(3)(C)(i).
In our view, the defendant Touche Ross & Co. was not properly served in this cause under Section 48.061(1), Florida Statutes (1977), because the Florida resident partners of the defendant herein were served solely as individuals; they were not specifically served as co-partners of all the named members of the defendant New York partnership as required by the above statute in order to properly serve the said partnership. Speight v. Horne, 101 Fla. 101, 133 So. 574 (1931); I. Epstein & Bros. v. First National Bank of Tampa, 92 Fla. 796, 110 So. 354 (1926); Hayman v. Weil, 53 Fla. 127, 44 So. 176 (1907).
Beyond that, we see no constitutional or other legal impediment to maintaining this action against the defendant Touche Ross & Co. providing it is properly served under Section 48.061(1), Florida Statutes (1977), as the action herein clearly arises out of partnership activities performed in this state by the said defendant. We find no merit in the contentions of the defendant Touche Ross & Co. to the contrary. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Heritage Corp. of South Florida v. Apartment Investments, Inc., 285 So.2d 629, 630 (Fla. 3d DCA 1973); Fidelity & Casualty Co. of New York v. Homan, 116 So. 444 (Fla. 2d DCA 1959).
The order under review is reversed and the cause remanded to the trial court without prejudice to the plaintiff Canaveral International Corp. to properly re-serve the defendant Touche Ross & Co.
Reversed and remanded.
PEARSON, J., concurs in the decision to reverse only.