GRIMES, Acting Chief Judge.
This appeal involves the propriety of an order awarding attorney’s fees under section 57.105, Florida Statutes (1985).
Under the program of Aid to Dependent Children, Rhonda Cook had been receiving public assistance payments for her minor child. On May 7, 1985, the Florida Department of Health and Rehabilitative Services (HRS) filed suit on behalf of Cook to establish paternity on the part of Dennis J. Carr and to require him to support the child and to reimburse HRS for previous assistance. An affidavit of Cook attached to the complaint stated that the child had been born as a result of her pregnancy which occurred in April of 1980 and that she had had sexual intercourse only with Carr during March and April of that year. On June 7, 1985, Carr served interrogatories and requests for admission upon HRS. On July 2, 1985, HRS moved for a fifteen-day extension to respond to the interrogatories and requests for admission. Carr’s attorney informally agreed to the extension. When HRS had still not responded by August 9, 1985, Carr served a motion for sanctions seeking to have the HRS pleadings stricken. On September 9, 1985, Carr served a notice to take Cook’s deposition and served a request that Cook admit that Carr was not the father of her child. On October 17, 1985, which was only eight days before the hearing on the motion for sanctions, HRS filed a notice of voluntary dismissal. Thereafter, following a hearing, the court entered an order awarding Carr $3,800 attorney’s fees pursuant to section 57.105.
Contrary to HRS’ contention, attorney’s fees under section 57.105 can be awarded against a plaintiff upon a voluntary dismissal provided there is a proper finding of a complete absence of a justicia-ble issue of either law or fact. 51 Island Way Condominium Association, Inc. v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984); Fierer v. 18th Avenue Development Corp., 417 So.2d 1005 (Fla. 3d DCA 1982), petition for review denied, 429 So.2d 5 (Fla.1983); Dolphin Towers Condominium Association, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980); MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979). The question before us is whether there was competent and substantial evidence to support the court’s finding in this case.
In granting attorney’s fees, the trial judge seemed to be persuaded by the argument that there were no justiciable issues of fact or law at the time of the dismissal. *32 However, it cannot be said that the case had no merit when it was filed. Certainly, HRS was entitled to rely upon Cook’s affidavit that Carr was the father. As counsel explained, Cook later became uncooperative, and HRS was unable to contact her in order to properly respond to Carr’s discovery. When it became obvious that HRS would be unable to prove its case, it filed a voluntary dismissal.
This is not an instance in which a party has continued to prosecute a claim or defense long after it has become evident that it cannot be sustained. See Wall v. Department of Transportation, 455 So.2d 1138 (Fla. 2d DCA 1984). Here, HRS dismissed its suit within a reasonable time after determining that its key witness would no longer support its position.
Carr’s apprehension that there is nothing to prevent HRS from refiling its suit is premature. Should the suit be unsuccessfully prosecuted in the future, Carr may then be in a strong position to claim fees under the statute.
We reverse the order granting attorney’s fees.
FRANK and SANDERLIN, JJ., concur.