502 So.2d 1372 (1987)
Donna RICHARDSON and the Florida Department of Health and Rehabilitative Services, Appellants,
v.
Kenneth HELMS, Appellee.
No. 86-1191.
District Court of Appeal of Florida, Second District.
February 27, 1987.
*1373 Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant Donna Richardson.
Kenneth Helms, pro se.
BOARDMAN, EDWARD F., (Ret.) Judge.
Appellants, Florida Department of Health and Rehabilitative Services (HRS) and Donna Richardson, appeal from the court's award of attorney's fees to appellee as a result of final judgment in the paternity action finding that appellee was not the natural father of the minor child.
In November, 1985, Florida Department of Health and Rehabilitative Services, pursuant to its statutory authority under sections 409.2561 and 409.2564, Florida Statutes (1985), filed a complaint against appellee to determine paternity of the minor child, James Dustin Richardson, son of Donna Richardson. According to a sworn affidavit signed by Donna Richardson, appellee was "very likely" the child's father. Both appellee and Donna Richardson admitted to having sexual relations during the critical month. However, Human Leukocytes Antigens (HCLA) blood tests later excluded the possibility that appellee was the biological father of the child; therefore, the court entered final judgment in favor of appellee.
After hearing on appellee's motion for attorney's fees, the court found that no justiciable issue existed regarding Donna Richardson's claim against appellee and awarded $600 attorney's fees against Donna Richardson in favor of appellee.
Appellants raise three points on appeal. We need discuss only one.
Appellants argue that the trial court erred in awarding attorney's fees in favor of appellee because there were justiciable issues of law and fact raised. We agree. A putative father is not a party entitled to receive attorney's fees under section 742.031, Florida Statutes (1985). Florida Department of Health and Rehabilitative Services v. Cisneros, 446 So.2d 727 (Fla. 2d DCA 1984). In addition, we find that appellee is not entitled to attorney's fees under section 57.105, Florida Statutes (1985), because HRS brought the paternity action in good faith reliance on information provided by Donna Richardson which at the time HRS brought the action indicated there were justiciable issues of law and fact raised. State of Florida, Department of Health and Rehabilitative Services v. Carr, 501 So.2d 30 (Fla. 2d DCA 1986). Moreover, appellee himself admitted to sexual relations with Donna Richardson during the critical time which further leads us to conclude that the action was not frivolous.
The fact that the fees were awarded against Donna Richardson instead of HRS does not change this result since HRS stands in the place and stead of the mother in this paternity action.
For the foregoing reasons, we reverse the award of attorney's fees in favor of appellee.
Reversed.
DANAHY, C.J., and SANDERLIN, J., concur.