PER CURIAM.
The trial court found that a paternity suit was frivolous and not brought in good faith, and awarded $5,000.00 in attorney fees against The Department of Health and Rehabilitative Services (HRS), and the individual petitioner. The events giving rise to the allegation of paternity in this matter occurred some ten years before petition for paternity was instituted. The trial judge was aware of earlier proceedings by the petitioner when she attempted to secure child support. There was evidence available to HRS (and an attempt was made to present it to the trial judge) from the respondent which indicated that the petitioner had conceded that respondent was not the father of the child. The trial court and apparently HRS refused to examine or permit such evidence to be introduced in the record, as both the trial judge and HRS refused to examine it. We therefore reverse the order awarding fees and return the matter to the trial court for consideration of the proper evidence to support its finding of the frivolous and bad faith action. Under the proper circumstances fees may be awarded to a successful respondent in the paternity action pursuant to section 57.105, Fla.Stat. (1989) if the proper predicate is made and the amount is reasonable.[1] State, Department of Health and Rehabilitative Services v. Carr, 501 So.2d 30 (Fla. 2d DCA 1986); Accord Richardson v. Helms, 502 So.2d 1372 (Fla. 2d DCA 1987).
Reversed and remanded with directions.

. No contention is made that fees awarded in the instance case are not reasonable under the circumstances.