PER CURIAM.
The Florida Department of Revenue appeals an order awarding appellee attorney’s fees pursuant to subsection 57.105(1), Florida Statutes (1997). We reverse.
In September 1997, the Department of Revenue filed a complaint against appellee to determine paternity of a 13-year-old child. The complaint further alleged that appellee was responsible for child support. The Department filed the complaint because D. H., the child’s custodian (the maternal grandmother), named appellee as the father of the minor child when applying for public assistance. Appellee denied he was the father. After genetic testing, appellee was excluded as the biological father. The Department voluntarily dismissed the action.
Appellee moved for attorney’s fees under subsection 57.105(1), Florida Statutes. The matter was heard by the general master who determined that appellee was entitled to attorney’s fees. The general master found that the Department’s complaint was not filed in good faith or with probable cause because the Department relied on the word of the grandmother and did not contact the mother to investigate before filing the case. The Department filed exceptions to the general master’s findings. The trial court denied the exceptions and granted appellee’s motion for attorney’s fees.
Subsection 57.105(1), Florida Statutes, provides for a reasonable attorney’s fee award where the court finds that there was a complete absence of a justiciable issue. See § 57.105(1), Fla. Stat. (1997).
The purpose of this statute is to discourage baseless claims ... in civil litigation by placing the price tag of attorney’s fee awards on the losing parties. In order to find a complete absence of a justicia-ble issue, the suit or defense must be so clearly devoid of merit both on the facts and the law as to be completely untenable.
Carnival Leisure Indus., Ltd. v. Holzman, 660 So.2d 410, 412 (Fla. 4th DCA 1995) (citations omitted).
If, in filing its complaint, the Department had relied in good faith on information provided by the mother, appellee could not recover attorney’s fees under subsection 57.105(1), Florida Statutes, because under those circumstances there were justiciable issues of law and fact at the time of the filing of the action. See P.N. v. D.P., 626 So.2d 271, 272 (Fla. 2d DCA 1993); Richardson v. Helms, 502 So.2d 1372, 1373 (Fla. 2d DCA 1987). On the facts presented here, the same rule applies. The paternity of the child is something that in the normal course of events a grandmother would likely know. In filing its suit, it was not unreasonable under the circumstances of this case for *1057 the Department to rely on the statement of the grandmother.*
Reversed.

 This case is unlike Collins v. Brodzki, 574 So.2d 1157 (Fla. 3d DCA 1991), where in a paternity suit there was evidence available to the Department of Health and Rehabilitative Services (which the Department apparently refused to examine) that the mother had conceded that the respondent was not the father of the child.