PER CURIAM.
The Agency For Persons With Disabilities (“APD”) filed an Emergency Petition *2 for a Writ of Prohibition or Certiorari to restrain the Circuit Court from directing APD to provide services to J.M. under the Developmental Disabilities Medicaid Waiver Program. We grant prohibition.
The Developmental Disabilities Medicaid Waiver Program is a program authorized by the federal government. The Florida Medicaid Waiver Program is, in turn, authorized by Chapter 409, Florida Statutes (2004), and Florida Administrative Code Rule 59G-8.200. The determination of which individuals with disabilities are eligible for the program and the criteria for such determination belonged, in 2001, to the Department of Children and Families (“DCF”) and now belongs to. the APD. Pursuant to the promulgated rules, a qualified individual applying for the Medicaid Waiver Program after 1999 is placed, on a waiting list and will receive services under the program only after qualified persons previously placed on the waiting list have been provided services. .A qualified individual who meets the agency .criteria of being in “crisis” will receive immediate services and will not have to be put on the waiting list.
J.M. is an autistic retarded juvenile. His mother applied to the DCF for J.M. to receive services through the Medicaid Waiver Program. In 2001, DCF determined that J.M. did not meet the crisis criteria and placed him on the services waiting list. J.M.’s mother then requested an administrative hearing as provided for in Chapter 120, Florida Statutes (2004). The administrative hearing was held on July 24, 2003. The hearing officer found that J.M. did not meet the crisis criteria and that DCF had properly placed J.M. on the waiting list for services. J.M.’s mother was informed that she had a right to appeal the administrative decision directly to either the First District Court of Appeal or to the District Court of Appeal in which J.M. resided pursuant to Section 120.68(2)(a), Florida Statutes (2004). An appeal was not taken.
J.M. is presently a party to a dependency proceeding in the Eleventh Circuit Court in and for Miami-Dade County, Florida. On June 10, 2005, the trial judge issued an order wherein she found J.M. to be in need of emergency expedited services. and ordered that he be moved to the crisis emergency state and ordered that he receive immediate services. APD then filed the present Emergency Motion for Prohibition.
The determination of which persons with disabilities are eligible for the Medicaid Waiver Program and the criteria for such determination has been statutorily delegated to the APD. See §§ 408.301, 408.302, 409.919, Fla. Stat. (2004); Fla. Admin. Code R. 59G-8.200. The trial courts have not been delegated any such decision-making authority. A trial court may not interfere with and does not have the authority to enter into the decision-making process which is delegated to a state agency, in this case the APD. Fla. Senate v. Fla. Pub. Employees Council 79, AFSCME, 784 So.2d 404 (Fla.2001); Dep’t of Children & Family Servs. v. I.C., 742 So.2d 401 (Fla. 4th DCA 1999). The trial judge in this matter has neither the jurisdiction nor the authority to make the determination of whether or not J.M. meets the “crisis” criteria or to order APD to provide services to J.M. through the Medicaid Waiver Program. Such decision-making power lies only with the APD. Additionally, the trial judge’s order under review is, in all reality, an order overturning the 2003 decision of the administrative hearing officer in J.M.’s case. In these circumstances, the trial judge does not have the authority to act as an appellate court and overturn the findings and order of the administrative hearing officer. Only *3 courts acting in their appellate capacity-have the authority to review an administrative action. See Art. V, §§ 4, 5, Fla. Const.; § 120.68, Fla. Stat. (2004); Miami-Dade County v. Moreland, 879 So.2d 23 (Fla. 3d DCA 2004); City of Miami Springs v. Barad, 448 So.2d 510 (Fla. 3d DCA 1983). Therefore, prohibition is granted.
Prohibition granted.