975 So.2d 549 (2008)
DEPARTMENT OF REVENUE o/b/o Tangela JACKSON and Andrea Breedlove, Appellant,
v.
Elton NESBITT, III, Appellee.
Nos. 4D06-4322, 4D06-4323, 4D07-574.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
Rehearing Denied March 25, 2008.
*550 Bill McCollum, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for appellant.
Eugene S. Garrett, Boca Raton, for appellee.
HAZOURI, J.
This appeal involves two cases filed by appellant, the Department of Revenue ("DOR"), on behalf of two mothers, Tangela Jackson and Andrea Breedlove, against appellee, Elton Nesbitt, III ("Nesbitt"), to establish paternity and child support. DOR appeals the trial court's orders on Nesbitt's motion to determine child support arrearages, payment thereon, and to set aside writ and passport release, and the order on Nesbitt's motion to enforce the previous order. This court consolidated the cases for the purposes of appeal. We reverse.
At some point, the trial court determined that Nesbitt was delinquent in all of his child support payments. Subsequently, DOR notified the federal government to restrict Nesbitt's passport pursuant to state and federal law. Thereafter, Nesbitt filed motions to determine arrearages, payment thereon, and to set aside writs of bodily attachment. At the hearings on these motions, Nesbitt requested that his passport restrictions be released to allow him to accept a job in France as a basketball player pursuant to a contract for a fixed term. DOR argued that the circuit court did not have jurisdiction to order Nesbitt's requested relief because the funds owed exceeded $5,000, citing section 409.2564, Florida Statutes (2006), section 51.70 of title 22 of the Code of Federal Regulations, and section 652 of title 42 of the United States Code. The trial court granted Nesbitt's motions, established the amount of his arrearages, ordered DOR to lift and release the passport restrictions, and ordered Nesbitt to maintain a checking account in the United States and forward a specific amount monthly to the State of Florida Disbursement Unit.
DOR argues that the trial court did not have the authority to lift federally mandated restrictions on Nesbitt's passport because the record reflects that Nesbitt's combined delinquency in the consolidated appeals is $37,313, which exceeded the $2,500 threshold established by federal law. We agree.
This court reviews questions of statutory interpretation de novo. Connell v. City of Plantation, 901 So.2d 317, 319 (Fla. 4th DCA 2005). Federal law governs passport control and provides the framework for our discussion. See Varela-Fernandez v. Burgos, 81 F.Supp.2d 297, 299-300 (D.P.R. 1999). Sections 652(k)(1) & (2), title 42 of the United States Code, provide:
(1) If the Secretary [of Health and Human Services] receives a certification by a State agency in accordance with the requirements of section 654(31) of this title that an individual owes arrearages of child support in an amount exceeding $2,500, the Secretary shall transmit such certification to the Secretary of State for action (with respect to denial, revocation, or limitation of passports) pursuant to paragraph (2).
(2) The Secretary of State shall, upon certification by the Secretary [of *551 Health and Human Services] transmitted under paragraph (1), refuse to issue a passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual.
Further, section 51.70(a)(8) of title 22 of the Code of Federal Regulations states:
Denial of passports. (a) A passport, except for direct return to the United States, shall not be issued in any case in which the Secretary of State determines or is informed by competent authority that:
(8) The applicant has been certified by the Secretary of Health and Human Services as notified by a State agency under 42 U.S.C. 652(k) to be in arrears of child support in an amount exceeding $2,500.00.
Section 51.72(a) of title 22 of the Code of Federal Regulations provides:
Revocation or restriction of passports. A passport may be revoked, restricted, or limited where:
(a) The national would not be entitled to issuance of a new passport under section 51.70 or 51.71; or . . .
We find In re James K. Walker, 276 B.R. 568 (Bkrtcy.W.D.Tex.2002), to be instructive here. There, a debtor sought judicial intervention to remove a hold placed on his passport by the Secretary of State of the United States, pursuant to notification and request by the Texas Attorney General relating to the debtor's failure to pay his child support obligations. The court denied the motion, concluding that if the law is constitutional, "principles of justiciability prevent this court from interfering with the Secretary of State's exercise of executive authority in placing the hold on the debtor's passport-or with the Secretary of Health and Human Services' exercise of authority in certifying the debtor's child support obligations to the Secretary of State in order to initiate that hold." Id. at 571.
Similarly, in the instant case, the trial court had no authority to order DOR to lift and release the restrictions on Nesbitt's passport. Section 409.2564(10), Florida Statutes (2006), gives DOR the authority to certify to the Secretary of Health and Human Services that an individual has child support arrearages and may be eligible for passport restrictions:
(10) For the purposes of denial, revocation, or limitation of an individual's United States passport, consistent with 42 U.S.C. s. 652(k)(1), the Title IV-D agency shall have procedures to certify to the Secretary of the United States Department of Health and Human Services, in the format and accompanied by such supporting documentation as the secretary may require, a determination that an individual owes arrearages of support in an amount exceeding $5,000. Said procedures shall provide that the individual be given notice of the determination and of the consequence thereof and that the individual shall be given an opportunity to contest the accuracy of the determination.
§ 409.2564(10), Fla. Stat. (2006). Nesbitt does not contest the DOR's determination that his child support arrearages exceeded $5,000. Nesbitt does not assert, and the trial court did not conclude, that section 409.2564(10) is unconstitutional. Moreover, "[a] trial court may not interfere with and does not have the authority to enter into the decision-making process which is delegated to a state agency. . . ." Agency for Persons with Disabilities v. J.M., 924 So.2d 1, 2 (Fla. 3d DCA 2005) (citing Fla. Senate v. Fla. Pub. Employees Council 79, AFSCME, 784 So.2d 404 (Fla.2001); Dep't *552 of Children & Family Servs. v. I.C., 742 So.2d 401 (Fla. 4th DCA 1999)).
Nesbitt responds to DOR's argument by citing a webpage from the United States Department of State, Department of Consular Affairs, which states:
Section 51.70(a)(8) of Title 22 of the Code of Federal Regulations states, in part, that if you are certified to Passport Services by the U.S. Department of Health and Human Services (HHS) to be in arrears of child support payments in excess of $2,500, you are ineligible to receive a U.S. passport. If this applies to you, Passport Services strongly recommends that you contact the appropriate State child support enforcement agency to make payment arrangements before applying for a passport. This is because:
 The State agency must certify to the U.S. Department of Health and Human Services (HHS) that acceptable payment arrangements have been made.
 Then, HHS must notify Passport Services by the removal of your name from the electronic list HHS gives to Passport Services. (Passport Services cannot issue a passport until your name has been deleted by HHS).
http://travel.state.gov/passport/ppi/family/family_863.html (emphasis in original). Nesbitt relies on this language to argue that if an acceptable child support arrangement is in place, a denied or suspended passport may be reinstated. We reject this argument. The website language indicates that the appropriate state agency, in this case DOR, must deem the payment arrangements acceptable, and then certify that determination to the Department of Health and Human Services. Because DOR has not deemed the arrangements created by the trial court to be acceptable, this language is inapposite.
Thus, because we conclude that the trial court lacked the authority to order DOR to take action to remove the passport restrictions, we reverse and remand for further action consistent with this opinion.
Reversed and Remanded.
KLEIN, J., concurs.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
In these cases, the trial court included the following provision in a final order determining the amount of child support due: "Any restrictions on [payor's] passport shall be lifted and released regarding child support." On appeal DOR challenges the jurisdiction of the court to award such relief.
If the issue were truly whether a state court had the authority to order a federal agency to perform a specific act within that agency's jurisdiction, I would agree that this Florida court has no such authority. But I think something far less intrusive is afoot here.
Under federal statutes, the United States Secretary of Health and Human Services (HHS) and the Secretary of State (SOS) are actually responding to a process set in motion by DOR, a Florida agency. Under section 409.2564(10), Florida Statutes (2006), the Florida DOR is required to have procedures for notifying HHS of person's failure to pay child support after being ordered to do so and to certify to HHS the fact that the payor owes arrearages exceeding $2,500. Then HHS in turn certifies the same fact to SOS, who is empowered by federal law to revoke, restrict or limit a passport previously issued to the payor.
Here, the payor testified that his arrearages accrued whilst he was in college and unable to pay anything. He testified that he is now able to secure a position playing *553 professional basketball with a team in Europe  from which earnings he will be able at last to support his child  and requires a valid passport for that purpose. The trial judge obviously credited this testimony because the trial judge included the above quoted provision in the final order. His order must be understood as finding it in the best interests of the child to ease any restrictions on his passport  at least to the extent of allowing him to play basketball in Europe to pay the required support and eliminate the arrearages.
I do agree that the precise wording of the order needlessly irritates comity between agencies of different sovereigns. I would affirm the purpose and intent of the provision but require only that it be recast. In my opinion, it would be permissible for the trial judge to order the Florida DOR to decertify its previous certification to HHS, instead requiring DOR to certify to the federal agency that even though the payor is still in arrears, he has secured employment in Europe enabling him to comply with his duty of support and that his passport should simply be restricted to allow the travel to Europe for that limited purpose only, so long as he complies with a payment schedule fixed by the Florida court.