WEBSTER, J.
 

 The Florida Department of Revenue seeks review of a child support order which it asserts improperly restricted the Department’s ability to intercept or retain appellee’s future federal income tax refund to satisfy past-due child support under the tax refund intercept program (TRIP). We agree and reverse.
 

 In January 2009, appellee, who owed back child support, sent a letter to the trial court requesting to “get [his] tax return back” so that he could pay his bills and to claim his youngest child as a dependent on his taxes. The judicial hearing officer treated appellee’s letter as a “pro se Motion for Temporary Relief of Child Support and request to claim the minor child on income tax” and scheduled a hearing. At the hearing, appellee did not dispute that his child support arrearage was $26,547.03, but requested the ability to claim the dependency exemption and to keep the Department from intercepting or retaining his Internal Revenue Service (IRS) tax refund to pay his back child support. The Department’s counsel objected to the court hearing the matter of the Department’s ability to intercept or retain any IRS tax refund because it had not been properly pled by appellee or properly noticed for hearing, thus depriving the court of jurisdiction. The Department’s objection was
 
 *1256
 
 overruled, and the judicial hearing officer entered a report and recommendation that “[i]f [appellee] is able to file his taxes for 2008 and successfully claim the dependency exemption for the child ..., [the Department], should they intercept any of [appellee]’s 2008 federal income tax refund, will be limited to retain up to $1,000.00 of any funds intercepted to apply to his arrearage.” The trial court subsequently approved and adopted the hearing officer’s report and recommendation as an order of the court. This appeal follows.
 

 The tax refund intercept program (TRIP) was established pursuant to Title IV-D of the Social Security Act and the Internal Revenue Code.
 
 Rogers v. Bucks County Domestic Relations Section,
 
 959 F.2d 1268, 1270 (3d Cir.1992).
 

 TRIP is a federal program designed to aid state and local governments in collecting delinquencies from parents who fail to meet state court orders enforcing the parents’ state obligations to support their children. State and local governmental units administer the program in cooperation with the United States Internal Revenue Service (IRS). Under TRIP, federal income tax refunds due persons who owe past-due child support can be intercepted by the IRS and ultimately sent instead to the state in which the children live. The state can then apply the refund money against welfare benefits previously paid to the delinquent’s children or distribute it to the person who has lawful custody of the children.
 

 Anderson v. White,
 
 888 F.2d 985, 987 (3d Cir.1989). In Florida, the Department of Revenue is the state agency responsible for administration of the program. §§ 409.2554(1) & 409.2557(1), Fla. Stat. (2008). The Department must certify any delinquent parent who owes at least $500 in past-due child support. Fla. Admin. Code R. 12E-1.014(5)(b). At the Department’s request, the Federal Office of Child Support Enforcement must send a notice informing the delinquent parent that he or she (1) must pay the past-due support amount in full to the Department within 30 days of the date of the notice in order to avoid the interception of the parent’s IRS income tax refund and (2) has the right to contest the determination of the amount of the past-due support by contacting the Department at the address or telephone number provided in the notice within 30 days from the date of the notice. Fla. Admin. Code R. 12E~1.014(3). If the parent timely requests a review, the Department will attempt to resolve the matter informally and, if it is unable to do so, the parent may request an administrative review conducted by the Department of Children and Family Services, Office of Administrative Hearings. Fla. Admin. Code R. 12E-1.014(4)(a)-(b). If the parent fails to make a timely review request, the parent is deemed to have waived the right to contest the certification, and the Federal Office of Child Support Enforcement must notify the United States Department of the Treasury of the past-due support owed by the parent. Fla. Admin. Code R. 12E-1.014(4)(d). The Secretary of the Treasury is required to withhold from a tax refund “an amount equal to the past-due support.” 42 U.S.C. § 664(a)(l)-(2). The Department shall retain the intercepted tax refund “up to the amount of past-due support assigned to the department as a condition of eligibility for temporary cash assistance, but not to exceed the total amount of temporary cash assistance provided to the family,” and “the excess will be mailed to the obligee.” Fla. Admin. Code R. 12E-1.014(5)(d)l.
 
 Accord
 
 42 U.S.C. § 657(a)(l)-(2).
 

 Initially, the Department claims that the trial court erred in restricting its ability to intercept or retain appellee’s future IRS tax refund under TRIP because
 
 *1257
 
 the interception of any future IRS tax refund was not properly pled or noticed for hearing. We agree that the lack of a proper pleading or notice to the Department precluded the trial court from restricting the Department’s ability to intercept or retain appellee’s future IRS tax refund under TRIP.
 
 See State Dep’t of Health & Rehab. Servs. ex rel. Davis v. Canady,
 
 473 So.2d 273, 274 (Fla. 2d DCA 1985) (holding that the trial court erred, in the absence of a proper pleading, in can-celling child support arrearages and in ordering the Department to amend its income tax refund interception certifícate).
 
 See also Geiger v. Geiger,
 
 632 So.2d 693, 696 (Fla. 1st DCA 1994) (holding that the propriety of an order modifying child support without proper pleading, notice, and opportunity to be heard may be raised for the first time on appeal).
 

 The Department further claims that the trial court erred in restricting its ability to intercept or retain appellee’s future IRS tax refund because appellee failed to exhaust his administrative remedies under TRIP. We agree that appellee was required to pursue his administrative remedies under TRIP before challenging any interception of his IRS tax refund in court.
 
 See Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass’n,
 
 689 So.2d 1127, 1129 (Fla. 1st DCA 1997) (holding that if adequate administrative remedies are available, it is improper to seek relief in court before those remedies are exhausted);
 
 Gulf Coast Home Health Servs. of Fla., Inc. v. State, Dep’t of Health & Rehab. Servs.,
 
 513 So.2d 704, 706 (Fla. 1st DCA 1987) (same).
 

 Finally, the Department claims that the trial court had no authority under TRIP to restrict its ability to intercept or retain appellee’s future IRS tax refund to satisfy past-due child support. We agree. In
 
 Department of Revenue ex rel. Jackson v. Nesbitt,
 
 975 So.2d 549 (Fla. 4th DCA 2008), the Fourth District held that the trial court lacked authority to order the Department to lift federally mandated restrictions on the father’s passport due to the father’s child support arrearages in excess of $5,000 because the trial court could not interfere with the statutory authority delegated to the Department to certify to the Secretary of Health and Human Services that the father was eligible for passport restrictions. This court followed
 
 Nesbitt
 
 in
 
 State, Department of Revenue v. Walton,
 
 12 So.3d 921 (Fla. 1st DCA 2009). These cases are applicable here because the passport restriction and tax refund intercept programs are all part of a comprehensive child support enforcement scheme.
 
 See generally State ex rel. Pittman v. Stanjeski,
 
 562 So.2d 678, 677-78 (Fla.1990). The trial court was without authority to place restrictions on the interception or retention of appellee’s IRS tax refund because this interfered with the authority delegated to the Department under TRIP. Accordingly, we reverse that part of the trial court’s order which restricted the Department’s ability to intercept or retain appellee’s future IRS tax refund.
 

 REVERSED.
 

 PADOVANO and ROWE, JJ., concur.