STEVENSON, J.
 

 In these consolidated appeals, the Department of Revenue challenges ten separate orders establishing paternity and/or
 
 *1206
 
 child support obligations. Each order contained the following stamped language:
 

 Withholding from unemployment compensation benefits for payment of child support shall not exceed the total amount required by this order for payment of current support and repayment of arrearages and/or retroactive support[.] See f.s. 483.051(3).
 
 The withholding of any amount from unemployment compensation benefits based on support delinquencies, adjudicated or not, in excess of the amounts indicated in this order is strictly prohibited and punishable by contempt of court
 
 [.] (emphasis added).
 

 Because the foregoing places an undue restriction on the Department’s statutory power to intercept unemployment compensation to satisfy child support obligations, we reverse in part and direct that this language be stricken from the orders.
 

 The Department’s power to intercept unemployment compensation stems from the Child Support Enforcement Act, incorporated as Title IV-D into the Social Security Act (hereinafter the “Title IV-D program”). The Title IV-D program permits federal funding to states that create plans to “provide services relating to the establishment of paternity or the establishment, modification, or enforcement of child support obligations.” 42 U.S.C. §§ 651, 654(4)(A) (2010). The state plan must identify a state agency charged with administering the Title IV-D program and grant that agency the power of “intercepting or seizing periodic or lump-sum payments from — a State or local agency, including unemployment compensation, workers’ compensation, and other benefits.” 42 U.S.C. § 666(c)(1)(G). In Florida, the Department is responsible for administering the Title IV-D program. §§ 409.2554(1), 409.2557(1); Fla. Stat. (2010). Section 443.051(3), Florida Statutes (2010), provides that:
 

 (a) The Department of Revenue shall, at least biweekly, provide the Agency for Workforce Innovation with a magnetic tape or other electronic data file disclosing the individuals who owe support obligations and the amount of any legally required deductions.
 

 (b) For support obligations established on or after July 1, 2006, and for support obligations established before July 1, 2006, when the support order does not address the withholding of unemployment compensation, the Agency for Workforce Innovation shall deduct and withhold 40 percent of the unemployment compensation otherwise payable to an individual disclosed under paragraph (a).
 
 If delinquencies, arrearages, or retroactive support are owed and repayment has not been ordered, the unpaid amounts are included in the support obligation and are subject to withholding.
 
 If the amount deducted exceeds the support obligation, the Department of Revenue shall promptly refund the amount of the excess deduction to the obligor, (emphasis added).
 

 The Department argues that the trial court lacked the authority to restrict its statutorily-delegated power to intercept unemployment compensation. This presents an issue of statutory interpretation that is reviewed de novo.
 
 See Dep’t of Revenue ex rel. Jackson v. Nesbitt,
 
 975 So.2d 549, 550 (Fla. 4th DCA 2008). Further, “‘[a] trial court may not interfere with and does not have the authority to enter into the decision-making process which is delegated to a state agency....’”
 
 Id.
 
 at 551 (quoting
 
 Agency for Persons with Disabilities v. J.M.,
 
 924 So.2d 1, 2 (Fla. 3d DCA 2005)).
 

 A similar restriction was examined in
 
 Florida Department of Revenue, Child
 
 
 *1207
 

 Support Enforcement ex rel. Baker v. Baker,
 
 24 So.3d 1254, 1257 (Fla. 1st DCA 2009) [hereinafter
 
 Baker],
 
 In
 
 Baker,
 
 the Department sought review of a child support order which restricted the Department’s ability to intercept the appellee’s future federal income tax refund. 24 So.3d at 1255. The Department was empowered by the Tax Refund Intercept Program (TRIP) to certify individuals who owed past-due child support to the Secretary of the Treasury, who was then required to withhold from a tax refund “an amount equal to the past-due support.”
 
 Id.
 
 at 1256 (citation omitted). The Department challenged an order that contained the following restriction:
 

 [i]f [appellee] is able to file his taxes for 2008 and successfully claim the dependency exemption for the child ..., [the Department], should they intercept any of [appellee]’s 2008 federal income tax refund, will be limited to retain up to $1,000.00 of any funds intercepted to apply to his arrearage.
 

 Id.
 
 The First District Court of Appeal determined that the trial court lacked the authority to restrict the Department’s power to intercept tax refunds because the restriction interfered with authority delegated to the Department under TRIP.
 
 Id.
 
 at 1257.
 

 The restriction placed in the ten child-support orders here has the same effect as the restriction in
 
 Baker.
 
 The Department is empowered by the Title IV-D program, as well as Florida Statutes, to withhold 40% of unemployment compensation to satisfy “child support obligations,” which may include owed delinquencies, arrearages or retroactive support even if repayment for such is not specified in the support order.
 
 See
 
 §§ 443.051(l)(b)-(c), 443.051(3)(b), Fla. Stat. (2010). The trial court was without authority to place a restriction on authority granted to the Department by statute.
 
 See Nesbitt,
 
 975 So.2d at 551 (trial court had no authority to order Department to lift and release restrictions on father’s passport where restrictions were placed pursuant to authority statutorily delegated to the Department as part of the child support enforcement scheme);
 
 see also State, Dep’t of Revenue v. Walton,
 
 12 So.3d 921 (Fla. 1st DCA 2009) (same).
 

 Thus, the ten final orders are reversed and these cases are remanded so that the offending language may be stricken from the orders. In all other respects, the orders are affirmed.
 

 Affirmed in part, reversed in part, and remanded.
 

 GROSS and TAYLOR, JJ., concur.