DAVIS, Judge.
The Department of Revenue (DOR) challenges the trial court’s order requiring *1201 DOR to return the income tax refund that it intercepted from Adam Cessford as a payment on his child support obligation. We affirm.

History

On October 7, 2008, an administrative law judge (ALJ) entered a final administrative support order determining that Cessford was the biological father of a child born May 29, 2007, and ordering him to pay $384 per month in child support. The ALJ also determined that Cessford should pay retroactive child support at the same rate of $334 per month for the period from June 1, 2007, the child’s birth, until October 31, 2008, the date of the support order. The order specified that the total retroactive child support for this period was $5678 and that such obligation would be satisfied by Cessford paying an additional $30 per month, for a monthly total of $364, until the retroactive balance was satisfied.

2008 Tax Intercept

On November 11, 2008, Cessford received notice that DOR intended to intercept his 2008 income tax return for payment on the balance of the retroactive child support pursuant to the federal Tax Refund Intercept Program (TRIP). See 42 U.S.C. §§ 664, 651 (2008); 26 U.S.C. § 6402(c) (2008); see also § 409.2557(1), Fla. Stat. (2008). Counsel for Cessford contacted DOR by letter, objecting to the intercept proceeding and asking for an administrative hearing to review the action. DOR did not respond to Cessford or his attorney but did proceed with the intercept, receiving $4089 from the Internal Revenue Service (IRS).
Cessford filed a motion in the circuit court seeking the return of the funds. However, the trial court determined that it did not have jurisdiction to hear the motion and thus dismissed it.[1] Cessford then filed a motion to invoke the circuit court’s jurisdiction. A hearing on this motion was held before the hearing officer on June 10, 2009, at which DOR argued that it was the only party able to invoke the circuit court’s jurisdiction in an enforcement proceeding. The hearing officer rejected this argument, and the trial court adopted this recommendation and granted the motion to invoke jurisdiction on June 12, 2009.
At the same June 10 hearing, the hearing officer heard the motion to return the tax refund to Cessford. On this issue, the trial court also adopted the findings of the hearing officer, thereby determining that DOR had improperly intercepted Cess-ford’s tax refund. The trial court found that the administrative order of support merely determined a retroactive child support amount and that Cessford was not delinquent in the payment of any court-ordered support. The court further ruled that Cessford was “not in arrears and is not delinquent” and noted that “[t]he establishment of retroactive support is not intended to establish arrears, nor is it properly considered a delinquency.” The trial court then ordered the return of the funds within twenty days and denied Cess-ford’s request for attorney’s fees. This order was not appealed. DOR eventually returned the funds six months after the entry of the trial court’s order.

2009 Tax Intercept

Despite the trial court’s earlier determination that an award of retroactive child support was not a finding of delinquency, in early 2010 DOR sent notice to Cessford that it was going to again intercept his tax refund. Cessford, without benefit of coun *1202 sel, responded to DOR, objecting to the intercept. He pointed out that the previously entered order found that he was not delinquent and not subject to these procedures. However, DOR proceeded to process the intercept and received from the IRS $4596.01 as Cessford’s 2009 tax refund.
Cessford hired counsel, who filed an amended motion for return of the funds alleging that DOR had improperly proceeded with the intercept in spite of the prior ruling of the trial court. By this motion, Cessford sought the return of these funds, an award of his attorney’s fees, and a restraint on DOR from attempting such acts in the future.
A hearing was held on the amended motion on February 16, 2011. Counsel for DOR began his remarks by agreeing that the funds must be returned to Cessford. Counsel advised the hearing officer that the funds had not yet been returned because Cessford’s motion was still pending. He further advised the hearing officer that DOR understood the prior order to apply only to the 2008 tax refund and argued that the findings of that order did not apply to any future intercepts. He went on to advise as follows:
I see counsel’s position that there is a difference between an arrearage and a retroactive support. And if he didn’t miss any payments I see where counsel’s argument comes from. So, my suggestion to the Court would be to enter an order that DOR is to not intercept tax returns as long as the respondent does not become delinquent in child support payments.
In response to Cessford’s request for attorney’s fees, counsel for DOR advised that it was DOR’s interpretation that the term “past-due support,” as used in 42 U.S.C. § 664, includes retroactive support and that DOR was intercepting the funds based on that interpretation. Based on this difference of understanding, counsel argued that no attorney’s fees should be awarded because the issue was open to different interpretations.
The trial court adopted the findings of fact and the recommendations of the hearing officer. The findings of fact state that TRIP requires a finding of an arrearage by the court and that Cessford has never been found to be delinquent in the payment of his child support. The order specifically states that “retroactive support is not arrears or delinquent support” and notes that although DOR agreed that Cessford was entitled to the funds, “they inexplicably put the release ‘on hold’ pending the hearing.” DOR was ordered to pay Cessford his 2009 tax refund within twenty days, failing which interest would accrue at a ten percent per annum rate.
In the same order, the trial court awarded Cessford $750 in attorney’s fees. In making the award, the order noted that “DOR agreed the money should be refunded, but put the refund on hold until after the hearing, therefore requiring that Respondent pay his attorney to appear.” Additionally, the order provided that “no further tax intercepts shall be threatened without Court order establishing a delinquency or arrears in accordance with the law.” It is this order that DOR now challenges.

Trial Court Jurisdiction

On appeal, DOR first argues that TRIP is an administrative procedure over which the trial court has no jurisdiction. However, based on the facts of this case and the findings of the trial court’s order, we conclude that DOR’s TRIP authority is not applicable to Cessford’s case. The language of 42 U.S.C. § 664(a)(1) provides that the intercept procedure applies when the State has notified the Secretary of the *1203 Treasury that the named individual “owes past-due support.”
TRIP is a federal program designed to aid state and local governments in collecting delinquencies from parents who fail to meet state court orders enforcing the parents’ state obligations to support their children.... Under TRIP, federal income tax refunds due persons who owe past-due child support can be intercepted by the IRS.
Anderson v. White, 888 F.2d 985, 987 (3d Cir.1989) (emphasis added), quoted in Fla. Dep’t of Revenue, Child Support Enforcement ex rel. Baker v. Baker, 24 So.3d 1254, 1256 (Fla. 1st DCA 2009). The federal statute defines “past-due support” as “the amount of a delinquency, determined under a court order[] or an order of an administrative process established under State law.” 42 U.S.C. § 664(c). Because no court or administrative proceeding has determined that Cessford is delinquent in paying his child support and there is no evidence that any portion of the child support amount ordered is in arrears, TRIP is not implicated here.
DOR maintains that Baker, 24 So.3d 1254, governs the disposition of this case. In that case, the First District affirmed a TRIP intercept after a parent became delinquent on a court-ordered support obligation. But DOR’s reliance on Baker is misplaced because that case is factually distinguishable from the instant case. First, TRIP applied in Baker because, unlike Cessford, the obligor there was actually delinquent in paying his court-ordered child support. See id. at 1255. Second, Baker had failed to exhaust his administrative remedies under TRIP before challenging the intercept in the trial court. Id. at 1257. The instant record, however, reflects that Cessford’s attorney requested an administrative hearing before the first intercept and that DOR failed to follow its own rules and hold such a hearing. See Fla. Admin. Code R. 12E-1.014(4)(c)(l) (“If the past-due support is based on a Florida order, the obligor may ask for an administrative hearing in Florida.”). Once Cessford received notice of the second intercept, he again contacted DOR to object and again was not afforded any opportunity for an administrative remedy. Accordingly, Baker is inapplicable to the instant case.
Furthermore, section 409.2563, Florida Statutes (2010), establishes the administrative procedure by which DOR may assist custodial parents in obtaining child support from noncustodial parents in what is referred to as Title IV-D cases. Throughout this section, the respondent parent is given the right to seek the circuit court’s jurisdiction in either the establishment of the support order or in the review of an administratively determined order. See § 409.2563(2)(f), (4)(m)(1), (10)(a). Once a support order is administratively entered, the trial court has the jurisdiction, upon request of a party, to modify that order. See § 409.2563(10)(c). Additionally, section 120.68(1), Florida Statutes (2010), provides that “[a] party who is adversely affected by final agency action is entitled to judicial review.” Based on these statutory provisions, and considering the fact that DOR failed to provide any type of requested administrative remedy, we agree that the circuit court did have jurisdiction to review this attempt by DOR to enforce and collect on the previously entered administrative support order.

Definition of “Past-Due Support”

Having determined that the trial court had jurisdiction to consider the issue, we turn to whether the trial court erred in determining that the TRIP procedure was not applicable to Cessford. Based on the definitions of “past-due support” as described above and the explanation in *1204 Anderson, 888 F.2d at 987, that the purpose of TRIP is to aid “in collecting delinquencies” in child support payments, we agree that retroactive child support that is not otherwise overdue does not constitute a delinquency or meet the definition of “past-due support” as required by the federal statute. We also note that the trial court previously reached this same conclusion of law in its June 12, 2009, order and that such order was not challenged on appeal. Accordingly, DOR must repay Cessford the 2009 tax refund that was improperly intercepted.

Limits on Future Intercepts

DOR also argues on appeal that the trial court exceeded its jurisdiction by limiting future intercepts. The trial court’s order provided that “no further tax intercepts shall be threatened without Court order establishing a delinquency or arrears in accordance with the law.” The provisions of both the federal statute and the DOR regulation provide that the determination of delinquency may be made by either the trial court or by an administrative process established by state law. Inasmuch as the Florida statutes establish an administrative procedure for the enforcement of a support order, any future restrictions on the use of TRIP against Cessford may only apply in the absence of either an order entered by the trial court or an order entered by administrative procedure. See generally Dep’t of Revenue v. Varela, 67 So.3d 1205, 1207 (Fla. 4th DCA 2011) (“The trial court was without authority to place a restriction on authority granted to the Department by statute.”). However, we read the order on appeal as satisfying that requirement. The trial court’s use of the phrase “in accordance with the law” contemplates that any future determination of delinquency or arrearage must be made by either court order or administrative order. Based on that understanding, we affirm the court’s future restrictions on tax intercepts.

Attorney’s Fees

The last issue that DOR raises on appeal is the award of attorney’s fees. The motion seeking return of the tax refund requested attorney’s fees but did not specify a basis for the award. Title IV-D cases anticipate the award of attorney’s fees against DOR in actions to determine paternity and support pursuant to section 57.105, Florida Statutes (2010). See § 742.045, Fla. Stat. (2010) (“The Department of Revenue shall not be considered a party for purposes of this section; however, fees may be assessed against the department pursuant to s. 57.105(1).”); Fla. Admin. Code R. 12E-1.003(2)(b) (“[T]he department shall pay any fees assessed by the court pursuant to Section 57.105(1), F.S.”). We, therefore, conclude that the trial court is authorized to enter an award of attorney’s fees against DOR pursuant to section 57.105(1) if the facts support such an award. See State, Dep’t of Health & Rehabilitative Servs. Office of Child Support Enforcement ex rel. Cook v. Carr, 501 So.2d 30, 31 (Fla. 2d DCA 1986) (holding that section 57.105 fees can be awarded against the Department of Health and Rehabilitative Services filing a paternity suit on behalf of the mother if “there is a proper finding of a complete absence of a justiciable issue of either law or fact”);[2] Collins v. Brodzki, 574 So.2d 1157, 1158 (Fla. 3d DCA 1991) (“Under the proper circumstances fees may be awarded to a successful respondent in the paternity action pursuant to section 57.105 ... if the *1205 proper predicate is made and the amount is reasonable.”).
Despite the fact that the trial court’s order does not specify the basis for the fee award, a review of the trial court’s findings of fact leads us to conclude that it was based on section 57.105(1).[3] That section provides that the trial court “shall award” reasonable attorney’s fees on any claim in a civil proceeding if “the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court ... [w]as not supported by the material facts necessary to establish the claim or defense” or the defense was not “supported by the application of then-existing law to those material facts.” Here, the trial court found that DOR had every reason to know that the TRIP procedure was not applicable to retroactive child support and that DOR admitted that Cessford was entitled to the return of his refund without the necessity of a hearing. And the recommendations of the hearing officer that were adopted by the trial court noted that “this is the second trip to court on the same issue, which could have been resolved prior to hearing.” From our reading of these findings, we conclude that the trial court properly exercised its jurisdiction in awarding the $750 in attorney’s fees.[4]

Conclusion

The trial court had jurisdiction to consider and grant the motion to order the return of the 2009 tax refund to Cessford, and it properly restricted DOR’s future attempts to use the TRIP intercept procedure to circumstances in which either a court or an administrative hearing officer has determined Cessford to be delinquent in payment of the ordered child support. Furthermore, the trial court did not abuse its discretion in awarding attorney’s fees against DOR pursuant to section 57.105(1). For these reasons we affirm the trial court’s order.
Affirmed.
WALLACE and CRENSHAW, JJ., Concur.

. In each of the proceedings before the trial court, the matter was first heard by a hearing officer whose findings and recommendations subsequently were adopted by the circuit court judge.

. The Department of Health and Rehabilitative Services is the agency that represented custodial parents in Title IV-D cases prior to DOR.

. Because Cessford did not request section 57.105(1) fees, we need not determine whether he followed the proper notice procedures as required by the statute. The statute, however, allows for the trial court to award such fees on its own motion if the facts support the award.

. DOR has not challenged the reasonableness of the amount.