WARNER, J.
Appellant appeals an order denying his motion contesting the interception of his federal tax refund to offset retroactive child support. For the first time on appeal, appellee contends that appellant failed to exhaust his administrative remedies, thus requesting an affirmance based upon a “right for the wrong reason” analysis. We hold that the appellee waived the right to assert failure to exhaust administrative remedies. On the merits addressed by the trial court, we reverse.
In the final judgment of dissolution of marriage, appellant was ordered to pay $1,259.54 a month in child support and an additional $200 per month towards $20,536.20 in retroactive support. Although appellant remained current in his payments, he received a letter from the Office of Child Support Enforcement (“OCSE”) stating that his federal tax refund was subject to interception because of past-due support owed. The letter specifically stated,
You have a right to contest our determination that this amount of past due sup *892 port is owed, and you may request an administrative review. To request an administrative review, you must contact us at the address or phone number listed above within 30 days of the date of this notice.
(emphasis supplied). Appellant filed motions in the trial court, challenging the letter and the subsequent interception of his federal income tax refund. In his motions, he alleged that he had called OCSE, which informed him that his case would not be submitted to the Department of Treasury, only to find out later that the case was submitted. In contesting the interception on the merits, appellant drew a distinction between retroactive support and past-due arrearages. The trial court denied relief. It did not rule that appellant had failed to exhaust administrative remedies. Instead, it ruled that the ar-rearages were required to be reported to the Department of Treasury.
Appellee asks us to dismiss this case for failure to exhaust administrative remedies. Florida Administrative Code Rule 12E-1.014(4)(e) states, “If the obligor does not ask for an informal review or administrative hearing within 30 days from the date of the notice, the obligor waives the right to contest the certification.” “[I]f adequate administrative remedies are available, it is improper to seek relief in court before those remedies are exhausted.” Fla. Dep’t of Revenue, Child Support Enforcement ex rel. Baker v. Baker, 24 So.3d 1254, 1257 (Fla. 1st DCA 2009) (holding that “appellee was required to pursue his administrative remedies under TRIP [Tax Refund Intercept Program] before challenging any interception of his IRS tax refund in court”). See also Fla. Dep’t of Agric. & Consumer Servs. v. City of Pompano Beach, 792 So.2d 539, 545 (Fla. 4th DCA 2001).
On this record, however, it appears that appellant exhausted his remedies. He claims that he called the OCSE, as allowed by the letter which informed him of his right to review. The Department did not raise the exhaustion requirement at trial. The court ruled on the merits of the motion, not on exhaustion. Where the party asserts facts which would support exhaustion, and the Department does not challenge the exhaustion requirement in the trial court, the Department has waived any challenge on appeal. State, Dep’t of Lottery v. Gtech Corp., 816 So.2d 648, 651 (Fla. 1st DCA 2001) (where agency did not raise exhaustion of remedies in trial court, its failure to object waives the argument for appeal).
On the merits, we reverse, relying on Department of Revenue, Child Support Enforcement ex rel. Harper v. Cessford, 100 So.3d 1199, 1204 (Fla. 2d DCA 2012), which explained that “retroactive child support that is not otherwise overdue does not constitute a delinquency” and thus cannot serve as a basis for intercepting federal tax returns.

Reversed and remanded for further proceedings.

GROSS, J., concurs.
LEVINE, J., dissents with opinion.