LEVINE, J.,
dissenting.
I dissent for a number of reasons. First, in light of the limited record in this case, one cannot conclude what arguments the Department did or did not raise below. The parties filed appendices in lieu of the entire record. Appellant did not submit certain motions, any responses the Department may have filed below, or any transcripts from the hearings. The majority asserts that the Department contends for the first time on appeal that appellant failed to exhaust his administrative reme *893 dies. Because we do not have a complete record and have only appendices in lieu of the entire record, I believe we cannot say with certainty that this is the first time the Department argued this point. “In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.” Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1980).
Second, appellant does not even argue on appeal that the Department waived its right to assert failure to exhaust administrative remedies. It is well-established that issues “will not be considered by an appellate court unless they are properly raised and discussed in the briefs.” City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla.1959). Where “the appellant[] ha[s] not raised [an issue] in this court, the court itself should not sua sponte reverse the solemn decrees of the court below.” Scott v. Jenkins, 46 Fla. 518, 35 So. 101, 104 (1902). See also Lightsee v. First Nat’l Bank of Melbourne, 132 So.2d 776, 778 (Fla. 2d DCA 1961) (An appellate court is “not authorized to pass upon issues other than those properly presented on appeal.”); Gladstone v. Smith, 729 So.2d 1002, 1004 (Fla. 4th DCA 1999) (“A pro se litigant should not be held to a lesser standard than a reasonably competent attorney.”).
Third, appellant does not establish through evidence that he exhausted his administrative remedies before seeking relief in the trial court. Therefore, appellant waived the right to contest the interception of his federal tax refund. See Fla. Admin. Code R. 12E-1.014(4)(e); Dep’t of Revenue, Child Support Enforcement ex rel. Baker v. Baker, 24 So.3d 1254, 1257 (Fla. 1st DCA 2009). Although appellant alleged in one motion that he had called the Office of Child Support Enforcement, it is well-established that allegations in a motion are not evidence. See Britt v. State, 88 Fla. 482, 102 So. 761, 763 (1924) (“A motion is not evidence of the facts averred in it.”); Hayman v. Weil, 53 Fla. 127, 44 So. 176, 178 (1907) (“[T]his court has held many times that the recital, in a motion of any kind, of facts as a ground for the motion, is not evidence.”). “Facts are established by testimony, affidavits and stipulations.” Rosar-Hemandez v. Hernandez, 979 So.2d 1194, 1196 (Fla. 4th DCA 2008) (citation omitted).[1]
The principal of exhaustion of administrative remedies is significant. As our sister court has explained:
We are well aware that the doctrine requiring the exhaustion of administrative remedies is not jurisdictional. The exhaustion requirement is a court-created prudential doctrine; it is a matter of policy, not of power. Its purpose is to assure that an agency responsible for implementing a statutory scheme has a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue. In this manner, the exhaustion requirement permits full development of the facts, allows the agency to employ *894 its discretion and expertise, and helps preserve executive and administrative autonomy.
In certain situations, a party may pursue judicial relief without first exhausting administrative remedies. One such exception to the exhaustion doctrine exists where the agency is alleged to have acted without colorable statutory authority and in excess of its delegated powers. This narrow exception is inapplicable, and exhaustion of administrative remedies will be required, where the agency’s assertion of jurisdiction has apparent merit or depends upon some factual determination.
State, Dep’t of Revenue v. Brock, 576 So.2d 848, 850 (Fla. 1st DCA 1991) (citations omitted). In the present case, the Department did not “act[ ] without colorable statutory authority and in excess of its delegated powers,” as the law permits the Department to intercept tax refunds. See Fla. Admin. Code R. 12E-1.014.
Of course, had appellant established through evidence that he exhausted his administrative remedies, I would agree with the majority that this case would be like Department of Revenue, Child Support Enforcement ex rel. Harper v. Cessford, 100 So.3d 1199, 1204 (Fla. 2d DCA 2012). Because appellant failed to establish that he exhausted his administrative remedies, I would affirm the order of the trial court.

. Additionally, even accepting the facts alleged in appellant’s motion as true, appellant has not established that he timely exhausted his administrative remedies. Appellant was advised in a September 13, 2011 letter that he had thirty days to contact the Office of Child Support Enforcement. In his motion filed to contest the agency's actions, appellant alleged that the trial court entered an order on October 5, 2011 and that "[l]ater the Petitioner called the office of child support enforcement.” (emphasis added). We do not know how many days “later” appellant called and even if the call was placed within the thirty-day timeframe. See Fla. Admin. Code R. 12E-1.014(4)(e).